[Crim. No. 16642. In Bank. Sept. 24, 1973.]

In re RAY EDWARD BENOIT on Habeas Corpus.

[Crim. No. 16627. In Bank. Sept. 24, 1973.]

In re RICHARD WYCKOFF on Habeas Corpus.

**COUNSEL**

Peter G. Fetros, under appointment by the Supreme Court, for Petitioners.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Willard F. Jones, David M. Blackman and Charles P. Just, Deputy Attorneys General, for Respondent.

## Opinion

**SULLIVAN, J.**—In these separate proceedings in habeas corpus each petitioner seeks a determination that he took an appeal by the timely constructive filing of a notice of appeal from the judgment of conviction under which he is held. We issued an order to show cause in each case directed to the Director of the Department of Corrections (Director) and appointed Peter G. Fetros, to represent each petitioner. Since both cases present a common issue we consider them together.

Petitioner Ray Edward Benoit is imprisoned under a judgment of conviction of assault with a deadly weapon on a police officer (Pen. Code, § 245, subd. (b)) entered by the Superior Court of Shasta County on a jury verdict. On February 14, 1972,[1] after imposing sentence, the court advised petitioner in accordance with rule 250, California Rules of Court.[2] At that time the following colloquy occurred:

"THE COURT: . . . and that if you have no attorney, and file a Notice of Appeal, the District Court of Appeals will appoint an attorney to represent you, even if you can't afford one, of course. It will not be Mr. Redmon [Shasta County Public Defender], it will be some other attorney at the District Court of Appeals, and I assume, Mr. Redmon, you have explained these rights to your—

"MR. REDMON: (Interposing) Well, I was just discussing it with him now, your Honor, and what I will do is make available for tomorrow—

"THE COURT: (Interposing) For the Notice of Appeal?

"MR. REDMON: Yes.

"THE COURT: All right. . . ."

Mr. Redmon never filed a notice of appeal. His affidavit,[3] attached to

---

[1]Benoit is also held under a judgment of second degree murder entered by the Superior Court of Monterey County on a jury verdict. The court imposed sentence on June 1, 1972. This conviction is not at issue in the present proceeding.

[2]Rule 250 provides: "After imposing sentence or making an order deemed to be a final judgment in a criminal case upon conviction after trial, the court shall advise the defendant of his right to appeal from the judgment, of the necessary steps and time for taking an appeal and of the right of an indigent defendant to have counsel appointed by the reviewing court. A reporter's transcript of the proceedings required by this rule shall be forthwith prepared and certified by the reporter and filed with the clerk."

Hereafter, unless otherwise indicated, all rule references are to the California Rules of Court.

[3]At oral argument before us counsel for the respective parties stipulated to the truth of the statements made in the following documents in the record: (a) In the

the Director's return to the order to show cause, states in pertinent part: ". . . At that time [time of sentencing] I advised Mr. Benoit that he had a basis for an appeal in my opinion, but that he should delay filing a notice of appeal as he was to be taken to Monterey County, California, to stand trial on a murder charge and it was in his best interests to concentrate on assisting Mr. David Goyne, Deputy Public Defender, Monterey County, in his defense of the murder charge.

*"I assumed that a Notice of Appeal for Mr. Benoit would be prepared in Salinas, California, by the Monterey County Public Defender, but I cannot honestly say that I advised Mr. Benoit to have that office prepare the Notice of Appeal."* (Italics added.)

Petitioner Benoit was thereafter delivered by the Sheriff of Shasta County to the appropriate authorities of Monterey County where he appeared in the superior court to answer the charges pending against him (see fn. 1, *ante*). In those proceedings, he was represented by David M. Goyne, a deputy public defender. According to Mr. Goyne's affidavit,[4] which is attached to the petition for the writ, petitioner informed Mr. Goyne of the conviction in Shasta County and of his intention to take an appeal from the judgment. His affidavit continues thusly: "Mr. Benoit told me he had been sentenced on February 24, 1972 [actually it was February 14, 1972]. I can recall calling Mr. Redmon's office in Redding on at least one occasion after that conversation with Mr. Benoit. Mr. Redmon was not in the office at that time, but I asked his secretary if the papers were being filed giving notice of appeal in Mr. Benoit's case. *The secretary assured me the papers were being processed and were at that time somewhere on her desk.* I did not specifically ask the secretary if Mr. Redmon was representing Mr.

_Benoit_ matter, the affidavit of David M. Goyne, a Deputy Public Defender of Monterey County, attached to the petition for the writ; and the affidavit of Joseph H. Redmon, the Public Defender of Shasta County, attached to the Director's return. (b) In the *Wyckoff* matter, the letter dated August 10, 1970, written by Robert Rounds, petitioner's court-appointed counsel in his criminal case.

[4] The affidavit states: "When I spoke with my client Mr. Ray Benoit during the first week of March, 1972, after he returned to Salinas from Redding, California, after being convicted in Redding of a violation of § 245 Penal Code, Mr. Benoit told me at that time that he intended to appeal that verdict. Mr. Benoit further told me that before he had left Redding he had told his attorney in Redding, Mr. Joseph Redmon, to file notice of appeal. Mr. Benoit said Mr. Redmon informed him he would 'check it out' first. I assumed from that statement and from the fact Mr. Redmon had expressed to me a strong conviction Mr. Benoit had a defense to that charge that Mr. Redmon contemplated representing Mr. Benoit on the appeal and for that reason I did not prepare Mr. Benoit's notice of appeal for him. Instead, I asked Mr. Benoit when he had been sentenced, so I could keep track of the date so that if no notice were filed by Mr. Redmon for some reason I could prepare Mr. Benoit's notice of appeal for him in time."

Benoit on appeal. However, neither Mr. Redmon's secretary nor Mr. Redmon, to my recollection, ever asked me at any time to assist in any way in the filing of the appeal notice in Redding. . . . [¶] During the week of April 19, 1972, as April 24, 1972, approached I called the Shasta County Clerk and learned no appeal notice had been lodged in Mr. Benoit's case. I, therefore, immediately prepared such a notice for Mr. Benoit to sign and mailed the signed notice at once to the Shasta County Clerk by which notice Mr. Benoit filed his notice of appeal in case number 44127, Shasta County." (Italics added.)

The Shasta County Clerk filed the notice of appeal and prepared the record on appeal. However, the Clerk of the Court of Appeal, Third Appellate District, upon direction of the court, returned the record on appeal because the notice of appeal was filed on April 24, 1972, and thus after the expiration of the 60-day period prescribed for the taking of appeals in criminal cases (rule 31(a), Cal. Rules of Court),[5] petitioner seeks a determination that, notwithstanding such late filing, his appeal has been properly taken and is pending.

Petitioner Richard Wyckoff is imprisoned under a judgment of conviction entered March 10, 1972, by the San Diego Superior Court for two unspecified offenses. Wyckoff was represented by Robert Rounds, his court-appointed counsel. After imposing sentence, the trial court properly advised petitioner of his appeal rights pursuant to rule 250, California Rules of Court (see fn. 2, *ante*). At that time the following colloquy occurred: "THE COURT: Do you understand that unless your present lawyer files an appeal, you have to file one? THE DEFENDANT: Yes."

Petitioner Wyckoff alleges that at that time he asked Mr. Rounds to file a notice of appeal and that Mr. Rounds promised to do so but in fact failed to do so in time. In a letter responding to Wyckoff's inquiries as to why the notice of appeal had not been filed, Mr. Rounds admitted that he had promised to file a notice of appeal, that he had a copy of the notice

---

[5]Rule 31(a), as amended effective January 1, 1972, provides: "In the cases provided by law, an appeal is taken by filing a written notice of appeal with the clerk of the superior court within 60 days after the rendition of the judgment or the making of the order. A notice of appeal filed prior to the time prescribed therefor is premature but may, in the discretion of the reviewing court for good cause, be treated as filed immediately after the rendition of the judgment or the making of the order. [¶] Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed."

of appeal which he assumed had been filed and that if it had not been filed, it was due either to an inadvertence or to the loss of the document.[6]

The notice of appeal was actually received in the office of the Clerk of San Diego County on June 26, 1972. Since it was 46 days late, the clerk marked the notice, "Received, but not filed," and so informed petitioner. Wyckoff made a motion in the Court of Appeal, Fourth Appellate District, Division One, for leave to file a late appeal. His motion was denied without opinion. In this proceeding petitioner seeks a determination that his appeal is pending and that the record on appeal should be prepared.

■ We observe at the start that "[i]n the absence of another adequate remedy, habeas corpus lies to correct the erroneous denial of 'a right to an effective appeal" (*In re Parker* (1968) 68 Cal.2d 756, 760 [69 Cal.Rptr. 65, 441 P.2d 905]; see also *In re Martin* (1962) 58 Cal.2d 133, 141 [23 Cal.Rptr. 167, 373 P.2d 103]; *In re Byrnes* (1945) 26 Cal.2d 824, 826-828 [161 P.2d 376]) and also lies to determine that an appeal is pending and to effect preparation of the record so as to perfect the appeal. (*In re Gonsalves* (1957) 48 Cal.2d 638, 639, 641-642 [311 P.2d 483], cited with approval in *In re William M.* (1970) 3 Cal.3d 16, 24 [89 Cal.Rptr. 33, 473 P.2d 737].)

Petitioners contend that notwithstanding the 1972 amendment of rule 31(a) which among other things eliminated the procedure theretofore in effect for granting relief from a failure to file a timely notice of appeal, this court has jurisdiction and discretion to order the filing of a notice of appeal received by the clerk of the superior court after the expiration of the 60-day period prescribed by the rule (see fn. 5, *ante*). The Director on the other hand contends that the 60-day period is mandatory and juris-

---

[6]The full text of Mr. Rounds' letter, dated August 10, 1972 and addressed to petitioner at the state prison at Represa (which letter is attached to the petition) is as follows: "I received your letter (fortunately, just before leaving on vacation) and enclosed please find a copy of the Notice of Appeal in your case. [¶] In response to the questions in your letter, we definitely discussed your intention to appeal the matter, and you correctly state that this was in the courtroom at the time of your sentencing. *I informed you that I would file a Notice of Appeal in the matter.* Although my copy indicates a personal signature by yourself, and I believe that I had you sign a Notice of Appeal, I cannot definitely verify that fact as I do not have the original. [¶] In any event, pursuant to your request *I prepared the Notice of Appeal and definitely intended to file it. If it was not filed, it would be due either to a error on my part or that of the courts, or a loss of the document in transit.* Ordinarily, these are delivered to the Appeals Clerk at the San Diego County Courthouse. Our normal procedure is either to take them there in person or to forward them by way of a messenger service. I do not recall which method was used. In any event, *I definitely recall your statement that you wish to appeal and prepared a Notice of Appeal pursuant to it.* Hoping this will be of some assistance." (Italics added.)

dictional and that as a consequence this court is without power to extend the time for filing. It will be helpful to a consideration of the question before us to set forth at length at the start the antipodal positions of the parties.

The Director's argument runs as follows: In 1933 this court in *People* v. *Lewis* (1933) 219 Cal. 410, 413-414 [27 P.2d 73], affirmed a long-standing rule in unequivocally holding that "[t]he requirements as to the time for filing notices of appeal are mandatory and jurisdictional in both civil and criminal actions. [Citations.] . . . Where through inadvertence or mistake of a party or his attorney notice is not filed within the time limited by law, neither the trial court nor appellate court can afford relief thereafter by permitting filing of a tardy notice. . . ." At that time section 1239 of the Penal Code specified that an appeal could be taken either by oral announcement at the time of sentencing or by filing a written notice within two days after judgment. The appellate courts remained without jurisdiction to consider late appeals until 1961. (*In re Del Campo* (1961) 55 Cal.2d 816 [13 Cal.Rptr. 192, 361 P.2d 912].)[7]

In 1961—so the argument continues—rule 31(a) of the California Rules of Court, which specified that a notice of appeal in a criminal case must be filed within 10 days after judgment, was amended to include provision for late filing.[8] In *People* v. *Casillas* (1964) 61 Cal.2d 344, 345-346 [38 Cal.Rptr. 721, 392 P.2d 521], this court held that "[u]nder the amendments to rule 31(a) . . . the reviewing court has jurisdiction to relieve a defendant from his failure to file a timely notice of appeal . . . ." It was there pointed out that "The rule stated in cases such as *People* v. *Lewis* (1933) 219 Cal. 410 . . . , with respect to a reviewing court's power to afford relief from the late filing of a notice of appeal has been abrogated by the amendments to rule 31(a)." (*Id.,* fn. 2 at p. 346.) This court, following the direction in *Casillas* that "the power of reviewing courts under rule

---

[7]"In both civil and criminal cases the time requirements for taking an appeal are mandatory, and appellate courts are without jurisdiction to consider a late appeal. (*Estate of Hanley,* 23 Cal.2d 120, 122 . . . ; *People* v. *Lewis,* 219 Cal. 410, 413 . . . .)" (*In re Del Campo, supra,* 55 Cal.2d at p. 817.)

[8]Rule 31(a) was amended to read: "Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he *may petition the reviewing court for relief* by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, *the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late.*" (Italics added.)

31(a) should be liberally exercised to avoid loss of the right to appeal" *(id.* at p. 346) in a long series of cases delineated the circumstances which warranted exercise of that power.[9]

The Director then emphasizes that effective January 1, 1972, rule 31(a) of the California Rules of Court was amended to extend the time for filing from 10 to 60 days after judgment and to eliminate the provision in the rule empowering the appellate courts to grant relief from failure to file a timely notice of appeal.[10]

After the foregoing progression of the argument, the Director arrives at this conclusion: Since the granting of such relief by California appellate courts rested solely on the conferral of such power in rule 31(a) as it read prior to its 1972 amendment (see for example *People* v. *Acosta, supra,* 71 Cal.2d 683, 685, 688) and since *Casillas* recognized (61 Cal.2d 344, 345-346, fn. 2) that without such power appellate courts had no jurisdiction to relieve a defendant from his failure to file a timely notice of appeal (*People* v. *Lewis, supra,* 219 Cal. 410, 413-414), the annulment of this power by the 1972 amendment to rule 31(a) withdrew jurisdiction from appellate courts to consider late appeals.

Petitioners on the other hand concede that the purpose and effect of the 1972 revision of rule 31(a) has been to eliminate the procedure for obtaining relief from the failure to file a timely appeal and that the line of

---

[9]The general rules fashioned by this court in exercising its power to relieve a defendant from failure to file a timely notice of appeal are summarized in *People* v. *Acosta* (1969) 71 Cal.2d 683, 687-688 [78 Cal.Rptr. 864, 456 P.2d 136]: "In exercising its power to determine the circumstances which warrant granting a defendant relief from his failure to file a timely notice of appeal (*People* v. *Casillas, supra,* 61 Cal.2d 344) this court has established the following general rules: A defendant is entitled to relief, absent grounds for waiver or estoppel, where he makes a timely request of his trial attorney to file an appeal, thereby placing the attorney under a duty to file it, instruct defendant how to file it, or secure other counsel for him (*People* v. *Camarillo, supra,* 66 Cal.2d 455 [58 Cal.Rptr. 112, 426 P.2d 512]; *People* v. *Tucker,* 61 Cal.2d 828 . . .); or where defendant's trial attorney makes a timely promise to file an appeal, thereby invoking reasonable reliance on the part of the defendant (*People* v. *Flanagan,* 62 Cal.2d 63 . . . ; *People* v. *Johnson,* 61 Cal.2d 843 . . .).

"A defendant is also entitled to relief where he 'has diligently sought to file a timely notice [himself] but has been frustrated due to some default on the part of public officials charged with the administration of justice, . . .' (*People* v. *Martin,* 60 Cal.2d 615, 617 . . . [court misled defendant into delaying his appeal]; accord, *People* v. *Head,* 46 Cal.2d 886 . . . ; *People* v. *Slobodion,* 30 Cal.2d 362 . . . .)

"However, a defendant is not entitled to relief from his failure to file a timely notice of appeal where the trial attorney does not promise to appeal and the defendant fails to either make a timely request that his attorney file an appeal or make a timely attempt to file a notice of appeal himself. (*People* v. *Abrams,* 67 Cal.2d 821 . . . ; *People* v. *Ruch, supra,* 65 Cal.2d 138 [52 Cal.Rptr. 585, 416 P.2d 817].)"

[10]See footnote 5, *ante.*

decisions commencing with *Casillas* (see fn. 9, *ante*) is no longer applicable. They agree with the Director that this amendment effectively restores the law to the state in which it had been prior to the amendment of rule 31(a) in 1961, with the exception that a defendant now has 60 days rather than 10 days within which to file his notice of appeal. While acknowledging that *People* v. *Lewis, supra,* and a number of subsequent cases held that the time for filing notices of appeal was jurisdictional and mandatory, petitioners direct our attention to a long line of appellate court decisions commencing with *People* v. *Slobodion* (1947) 30 Cal.2d 362 [181 P.2d 868] which granted relief from late filing of notices of appeal on a principle of constructive filing.

We, therefore, deem it appropriate and helpful to the solution of the problem now before us to briefly review and summarize the applicable law as it stood immediately prior to the 1961 amendment of rule 31(a). In survey we preliminarily take note of two principles which over a number of years have been judicially reconciled and symbiotically accommodated. The first of these is the principle of jurisdiction which had long ordained that the requirement as to the time for filing a notice of appeal in a criminal action was mandatory and jurisdictional and that such time could be extended neither by stipulation of the parties nor order of the court. (*People* v. *Lewis, supra,* 219 Cal. 410, 413-414 and cases therein cited; see also *In re Del Campo, supra,* 55 Cal.2d 816, 817; *People* v. *Roberts* (1953) 40 Cal.2d 749, 750 [255 P.2d 784]; *People* v. *Howerton* (1953) 40 Cal.2d 217, 219 [253 P.2d 8]; *People* v. *Behrmann* (1949) 34 Cal.2d 459, 461-462 [211 P.2d 575]; *In re Horowitz* (1949) 33 Cal.2d 534, 537 [203 P.2d 513].) The second of these is the principle of constructive filing under the rubric of which to borrow the words of a leading authority "in a series of cases dealing mainly with incarcerated prisoners, the jurisdictional theory has been qualified, and excuses for late filing accepted." (Witkin, Cal. Criminal Procedure (1963) p. 678.) It is to the emergence and development of this second principle that we now turn our attention.

We start with the genesis of the principle in *People* v. *Slobodion, supra,* 30 Cal.2d 362. There the essence of the principle was this: That if the prisoner appellant in a criminal case well within the time prescribed by the rules on appeal has delivered his notice of appeal to the prison authorities to be mailed to the clerk of the court, there has been a constructive filing of the notice and a timely compliance with the rules, where the prison authorities have negligently failed to forward the notice on time.

In *Slobodion* the defendant, four days after rendition of the judgment of conviction, and well within the time prescribed by the rules for taking an appeal, delivered his notice of appeal to the prison authorities with the

request that they mail it. The prison authorities negligently failed to forward the notice so that it was actually received by the clerk of the superior court five days late. We there said: "In such circumstances no other conclusion is tenable but that appellant, by placing his notice in the hands of the state's employees for mailing six days prior to the final day allowed for its actual filing, met the time requirements governing his right of appeal insofar as it was possible for him to do so. Obviously, he was powerless to prevent any delay which might ensue after he delivered in prison his notice of appeal to the state employees for forwarding; any tardiness then occurring was attributable wholly to the state's employees. It would be absurd to hold in a criminal case that the state may extend the right of appeal contingent upon timely pursuit thereof and then deny such fundamental right because the state's employees were remiss in complying with the state's law. Such a paradoxical result would have no legal justification, and so it must be said here that when appellant timely deposited his notice of appeal with the state's employees as required by the state prison rules, such action constituted a constructive filing of the specified notice." (*People v. Slobodion, supra,* 30 Cal.2d at pp. 366-367.)

We concluded: "Accordingly, we hold that appellant's delivery of his notice of appeal to the state prison employees for forwarding six days prior to the expiration date for the taking of his appeal constituted a constructive filing within the prescribed time limit and satisfied the jurisdictional requirement as contemplated by law." (*Id.* at pp. 367-368.) A number of appellate court decisions subsequently applied the principle in this factual context. (*In re Gonsalves, supra,* 48 Cal.2d 638, 645-646 [311 P.2d 483]; *People v. Howard* (1958) 166 Cal.App.2d 638, 640-643 [334 P.2d 105]; *People v. Griffin* (1958) 162 Cal.App.2d 712, 715 [328 P.2d 502]; *People v. Tenney* (1958) 162 Cal.App.2d 458, 459-460 [328 P.2d 254]; *People v. Rascon* (1954) 128 Cal.App.2d 118, 119-120 [274 P.2d 899]; *People v. Frye* (1953) 117 Cal.App.2d 101 [255 P.2d 105]; *People v. Stinchcomb* (1949) 92 Cal.App.2d 741, 743 [208 P.2d 396]; *People v. Aresen* (1949) 91 Cal.App.2d 26, 28-29 [204 P.2d 389, 957].)

This principle was extended to include the situation where the prisoner within the prescribed rule time has delivered his notice of appeal to the prison authorities for mailing but nevertheless too late for it to reach the clerk's office in time. In *People v. Dailey* (1959) 175 Cal.App.2d 101, 104 [345 P.2d 558], the court held that "delivery by defendant of his notice of appeal to the prison authorities on the tenth day was a constructive filing in the county clerk's office as of that day" (*id.* at p. 107) despite the fact that the notice was not received by the clerk until the eleventh day or one day late.

Contemporaneously with the application of the theory of constructive filing to cases fitting within the factual context of *Slobodion,* the appellate courts proceeded to extend the theory to situations where the prisoner did not file the written notice of appeal in time because he relied upon representations or conduct of prison officials which lulled him into a false sense of security.

In *People* v. *Calloway* (1954) 127 Cal.App.2d 504 [274 P.2d 497], the defendant upon arrival at the state prison at San Quentin, was informed by the prison advisory counsel that he had ample time to file his notice of appeal and that he would be assisted by such counsel with its preparation. However, because the defendant in the meantime was transferred to the state prison at Folsom, he was prevented from preparing the notice and obtaining such assistance. Upon his arrival at Folsom, the defendant was placed in quarantine, had no assistance and was told that he would have to prepare his notice by himself. As a result the notice was filed three days late. The court concluded that while the above facts fell short of the precise factual situation in *Slobodion,* "it tends to make a prima facie showing that defendant was lulled into a false sense of security by a representative of the state, the opposite party in the litigation," and that the facts " 'come close enough to the exception to the rule stated in *People* v. *Slobodion* . . . .' " (*Id.* at pp. 506-507.)

In *People* v. *Head* (1956) 46 Cal.2d 886 [299 P.2d 872] this court articulated the extension of the principle of constructive filing to this type of situation. There, the defendant, with little schooling and without counsel, knew that there was a time limitation on taking an appeal but did not know what it was. Within the 10-day period prescribed by the Rules on Appeal he delivered his handwritten notice of appeal to a correctional officer to be typed but despite assurances given him that it would be prepared on time and attempts made by him to see that this was done, he was not permitted to obtain his typed notice until after the 10 days had expired. As a result the notice was dated and mailed late. We denied the People's motion to dismiss the appeal holding that the defendant had brought himself within the line of authorities headed by *Slobodion.* We declared: "It thus appears that defendant filed the notice of appeal timely as far as was possible for him to do so or was lulled into a sense of security by the prison officials. [¶] Defendant having done all he could have done and pursued the matter diligently and followed the prison official's advice, it would appear that he should not be deprived of his appeal." (46 Cal.2d at p. 889.) (Accord: *People* v. *Rascon, supra,* 128 Cal.App.2d 118.)

In summary, the appellate courts of this state for a number of years prior to the 1961 amendment to rule 31(a) (see fn. 8, *ante,* and accompany-

ing text) while adhering to the established rule that the time for filing a notice of appeal is jurisdictional, have sought to alleviate its harshness in certain compelling circumstances by holding that the appellant's efforts should be deemed to be a filing of the notice in time. *Slobodion* declared that such a result was compelled by "reason and justice" (30 Cal.2d at p. 365) and concluded in the factual context of that case that the appellant's efforts to take an appeal "constituted a constructive filing within the prescribed time limit and satisfied the jurisdictional requirement as contemplated by law." (*Id.* at p. 368.) Thus, as we have explained, emerged and developed the principle of constructive filing which in our view embodies nothing more than a basis for judicial acceptance of an excuse for the appellant's delay in order to do justice. (See generally Witkin, Cal. Criminal Procedure (1963), § § 696-700, pp. 677-682.) We think this principle has continued validity today[11] as a judicial instrument for resolving questions of delay in filing notices of appeal which may arise under the 1972 amendment to rule 31(a). (See fn. 5, *ante.*)

We find nothing in the 1972 amendment which persuades us to the contrary. The 1972 Report of the Judicial Council contains a full explanation of the amendment.[12] One effect of the amendment was "the elimination

---

[11]In the decade between 1961 and 1972, there was no need to apply the principle of constructive filing as such since the 1961 amendment of rule 31(a) provided a procedure for obtaining relief from failure to file in time pursuant to which the "jurisdictional requirement of timely filing of a notice of appeal has been practically nullified, as to incarcerated defendants, . . ." (Witkin, Cal. Criminal Procedure (1969 Supp.) § 700A, p. 327; see in general §§ 700A-700D, pp. 327-331.)

[12]The 1972 Annual Report of the Administrative Office of the California Courts at page 53 states: "In order to eliminate the existing delays and public expense resulting from the processing of late notices of appeal in criminal cases, Rule 31(a) and (d) were amended effective January 1, 1972 to extend from 10 to 60 days, as in civil cases, the time for filing a notice of appeal in a criminal case. In addition, the amended rule eliminated the former provisions allowing appellate courts to grant relief from late appeals when defendants could show an appropriate excuse for the delay. In recent years there have been numerous applications for such relief, with considerable resulting delays. Under amended Rule 31(a) the superior court clerks will now mark any late notice of appeal 'Received (date) but not filed' and then merely advise defendant that it was not filed because the period for filing had elapsed. In view of the elimination of the former provisions allowing applications for relief from late appeals, it is anticipated that most defendants will continue to file an early notice of appeal, particularly when they have been sentenced to a correctional institution. The additional time provided by the 60-day rule will meet the remaining situations when a defendant may for any reason have been unable to file a timely notice of appeal under the former rules. This rule also generally conforms the time for taking an appeal in a criminal case with the time allowed in civil cases.

"A new Rule 250 was also adopted effective January 1, 1972 to require superior court judges, after imposing sentence in a criminal case upon conviction after trial, to advise defendant of his right to appeal, of the time and necessary steps for taking

of the former provisions allowing applications for relief from late appeals," that is the special procedure formerly contained in rule 31(a) allowing a defendant to "petition the reviewing court for relief." There is, however, nothing in the Judicial Council's statement to indicate any intention upon its part to abrogate the constructive filing doctrine announced in *Slobodion* or to attempt to limit the appellate and habeas corpus jurisdiction of the courts given recognition in *Slobodion* and *In re Gonsalves, supra,* 48 Cal.2d 638.

After reviewing the 10-year history of the special procedure for relief from late filing and noting the delays resulting from the processing of late notices of appeal, the Judicial Council pinpointed two basic causes for the failure of defendants to file timely notices of appeal in criminal cases: (1) The shortness of the 10-day period prescribed by former rule 31(a), particularly as applied to prisoners; and (2) the defendants' ignorance of their appeal rights. The 1972 amendment of rule 31(a) was specifically aimed at eliminating these two causes (a) by lengthening the time for filing the notice to 60 days and (b) by requiring "superior court judges, after imposing sentence in a criminal case upon conviction after trial, to advise defendant of his right to appeal, of the time and necessary steps for taking an appeal, and of the right of an indigent appellant to have counsel appointed for him by the appellate court.". (Rule 250.) The Judicial Council seems to have concluded that with the elimination of the above causes of late filing, there was little necessity for retaining the existing procedure for granting relief. Indeed one might speculate that the continued availability of such a liberal procedure following the 1972 amendment would only invite continued laxity in filing the notice of appeal. In sum, the Judicial Council's action in 1972 eliminated the special procedure for relief from late filing, enlarged the time to appeal and imposed on the sentencing judge the duty of advising the defendant as to his appeal rights. Nowhere in this revised procedure, however, do we perceive an intention to clothe the general jurisdictional rule with an absolute character so as to foreclose all excuses for late filing.

We therefore proceed to determine whether the principle of constructive filing should be applied to situations such as those presented in the cases

---

an appeal, and of the right of an indigent appellant to have counsel appointed for him by the appellate court. The judges' advice must be given orally and transcribed by the court reporter for inclusion in the case file. In the past, defendants have alleged ignorance of their appeal rights as an excuse for seeking a late appeal. The required advice and transcripts will serve to rebut any future claim of ignorance by defendants. The overall effect of these rule changes is to eliminate the former delays resulting from the processing of late notices of appeal."

at bench. This requires us to examine the reach of the principle as applied in *Slobodion* and its progeny. Generally speaking it has been applied (1) only to incarcerated appellants and (2) in special circumstances where the delay in filing the notice of appeal (a) has resulted from conduct or representations of prison officials upon which the prisoner relied and (b) has not been due substantially to fault on the part of the prisoner. Indeed we apprehend throughout this line of cases an assumption that the prisoner in the main acted diligently — that he did all he could to take the appeal but was thwarted by the acts of prison officials or that he was lulled into a false sense of security by their conduct or representations. It is noteworthy however that in the decided cases, the conduct causing the delay and eventually establishing the excuse for the delay, was that of prison authorities rather than that of the prisoner's attorney or other persons. This occurred because the prisoner, usually without assistance of counsel and under the extreme restraint of incarceration, was compelled to rely on prison authorities to assist in the preparation and mailing of his notice. It is obvious that neither of the cases at bench fits within the perimeter of the principle of constructive filing since neither petitioner personally undertook to prepare and mail his notice of appeal and since neither relied on prison authorities for advice or assistance.

 Nevertheless we believe that in the interest of justice the principle should be extended to apply to situations like the instant one where the defendant is incarcerated or otherwise in custody after having been properly notified of his appeal rights by the sentencing judge and has made arrangements with his trial attorney to file a notice of appeal for him. Although we do not think that a defendant should be relieved from the responsibility which rule 250 notification places upon him, yet we recognize that he may choose to discharge this responsibility by such arrangements. Indeed we can see some reason to excuse a prisoner unlearned in the law who has relied upon the assurance of his trial counsel that the notice of appeal will be timely filed by the latter since the prisoner would be more justified in relying on his counsel who had represented him and might have some continuous concern for him than upon a prison official who was not an attorney and had no familiarity with his case. Although we believe that notification of appeal rights pursuant to rule 250 should bring home to the defendant the necessity of filing his notice of appeal in 60 days, nevertheless we observe that (apart from the careful and thorough instructions of the sentencing judge) the rule itself does not emphasize that this remains the responsibility of the defendant regardless of the assistance undertaken by prison officials or trial counsel. Furthermore, despite the objective of rule 250, we can well understand the inclination of a defendant (such as for example petitioner Benoit in the case at hand) under sentence and

facing the restraint of jail or prison, to rely on his trial counsel for assistance. And we can also understand how in such circumstances such an appellant may be lulled into a false sense of security in believing that an attorney—especially his trial attorney—will carry out his undertaken task. In such situations,[13] therefore, and where the circumstances are compelling, we think that the principle of constructive filing *may* be properly applicable so as to constitute compliance with rule 31(a).

Turning to the cases at bench, we are of the view that each petitioner has presented sufficient facts to establish an excuse for the delay in filing his respective notice of appeal within the purview of the principle of constructive filing as set forth above.

When petitioner Benoit was sentenced, Mr. Redmon, his appointed counsel, informed the court that he would "make available tomorrow . . . for the Notice of Appeal." At that meeting Mr. Redmon informed petitioner Benoit that he had grounds for appeal. Petitioner Benoit asked Mr. Redmon to file his notice of appeal. Immediately thereafter, petitioner Benoit was transferred to Monterey County for trial upon another charge. Upon arrival petitioner Benoit informed Mr. Goyne, his Monterey appointed counsel, that he was appealing his Shasta County conviction and that he wished Mr. Goyne to make sure that Mr. Redmon did file the appeal. Mr. Goyne inquired and was assured by Mr. Redmon's secretary that the appeal was being processed. At petitioner Benoit's apparently repeated insistence, Mr. Goyne later rechecked and discovered that Mr. Redmon had not filed the notice of appeal and so himself filed what he thought was a timely notice on April 24, 1972. The notice turned out to be 10 days late because petitioner Benoit had mistakenly misinformed Mr. Goyne as to the actual date of sentencing.

While it is true that rule 250 places the responsibility for filing a notice of appeal upon the defendant, it is equally clear that a defendant may discharge this responsibility by arrangements with an attorney. In another context and under former rule 31(a) as amended in 1961, this court repeatedly delineated and emphasized the scope and importance of an attorney's duty with respect to filing a notice of appeal in a criminal case. "Of course, the trial attorney is under no obligation to represent the defendant on the appeal, but where the defendant clearly indicates, as he did here, that he desires to appeal, *the trial attorney is under a duty not to ignore that request.*

---

[13]We thus find situations in the cases at bench distinguishable from those presented in: *People* v. *Riser* (1956) 47 Cal.2d 594 [305 P.2d 18]; *People* v. *Walsh* (1954) 129 Cal.App.2d 327 [277 P.2d 73]; *People* v. *Buzzie* (1954) 123 Cal.App.2d 915 [267 P.2d 869]; *People* v. *Cox* (1953) 120 Cal.App.2d 246 [260 P.2d 1050]; and *People* v. *Dawson* (1950) 98 Cal.App.2d 517 [220 P.2d 587].

The trial attorney is under a duty either to file the notice of appeal, or to instruct the defendant as to the proper procedure, or to see that the defendant has counsel to do these things for him." (*People* v. *Diehl* (1964) 62 Cal.2d 114, 117-118 [41 Cal.Rptr. 281, 396 P.2d 697], italics added; accord: *People* v. *Acosta* (1969) 71 Cal.2d 683, 687 [78 Cal.Rptr. 864, 456 P.2d 136]; *People* v. *Camarillo* (1967) 66 Cal.2d 455, 458 [58 Cal. Rptr. 112, 426 P.2d 512]; *People* v. *Tucker* (1964) 61 Cal.2d 828, 832 [40 Cal.Rptr. 609, 395 P.2d 449].) This language is not without relevance in context under rule 31(a) as amended in 1972. In view of the adoption of rule 250, which requires the trial judge to instruct the defendant as to the proper procedure for filing a notice of appeal, the trial attorney's duty is quite simple: if a defendant requests an attorney to file a notice of appeal, the attorney must either file such notice or clearly and immediately inform the defendant that he will not file such notice and further inform defendant that he can himself file the notice according to the procedure detailed by the trial judge. If an attorney negligently fails to fulfill this simple, yet extremely important duty, he may be subject to disciplinary action for breach of professional duty. (Bus. & Prof. Code, § 6103.)

Rule 31(a), effective January 1, 1972, and applicable to the criminal appeals of both petitioners, in prescribing a period of 60 days to file a written notice of appeal, in our view allows ample time to take an appeal in a criminal case. As previously stated (see fn. 12 and accompanying text) the purpose of extending the time to appeal from 10 to 60 days was to eliminate what was believed to have been an unduly short period especially for the defendant in custody and under a procedure no longer permitting an oral notice of appeal in open court. We believe that the 60-day period is now sufficient for defendants, including those in prison or other custody, who desire to take the appeal personally and without counsel, particularly in view of the notification of appeal rights and advice as to "the *necessary steps* and *time* for taking an appeal" (rule 250, italics added) which must now be given them by the sentencing court.

We believe that it goes without saying that such 60-day period is more than ample time for a member of the State Bar. While we are not insensitive to the multifold day-to-day problems of the busy practitioner, both in private practice and in the public service, we are dismayed by the insouciance with which trial counsel in these matters before us seemed to have regarded their obligation to perform a crucial task within an ample period of time in a criminal case. Although in proper circumstances, we may not permit an attorney's dereliction of this duty to penalize a defendant who has justifiably relied on his attorney to discharge it, we will not excuse such dereliction of duty and in the future may well refer the matter to the State Bar for appropriate disciplinary action. ■ On the other hand,

in view of the ample time period and the advice he has received under rule 250, we will not indiscriminately permit a defendant whose counsel has undertaken to file the notice of appeal, to invoke the doctrine of constructive filing when the defendant has displayed no diligence in seeing that his attorney has discharged this responsibility.

It is eminently clear that petitioner Benoit was fully diligent in his repeated efforts within the 60-day period to make sure his appeal was filed. He was thwarted by circumstances beyond his control, and is entitled to a declaration that his appeal is pending by virtue of the doctrine of constructive filing.

Petitioner Wyckoff, when informed of his right to appeal at sentencing, decided to appeal and asked Mr. Rounds, his appointed counsel, to perfect the appeal. Mr. Rounds promised that he would do so. However, due to some unexplained circumstances, the notice of appeal was not filed until June 26, 1972, 46 days late.

Although petitioner Wyckoff was in prison without direct contact with his attorney, he had received from the latter an express promise that he would file a notice of appeal. At or near the time the notice was due, petitioner Wyckoff inquired of the clerk of the court whether it had been filed. When, upon further inquiry he discovered the notice had still not been filed, he made inquiry of his attorney. The latter profusely apologized. After counsel filed the notice 46 days late, Wyckoff unsuccessfully sought leave of court to have the notice accepted as timely filed. We hold that these diligent efforts in addition to the reasonable reliance upon his attorney's explicit promise entitles petitioner Wyckoff to constructive filing of his appeal.

Petitioner Benoit is entitled to the relief he seeks and the writ is therefore granted. The Court of Appeal, Third Appellate District, is directed to accept the record prepared on appeal in People v. Benoit, Shasta County, No. 44127.

Petitioner Wyckoff is entitled to the relief he seeks and the writ is therefore granted. The Clerk of the San Diego County Superior Court is directed to file the notice of appeal received June 26, 1972, in People v. Wyckoff, Crim. 12561.

The orders to show cause heretofore issued are discharged.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

CLARK, J.—I dissent. The majority's discussion of the cases in which the

jurisdictional doctrine has been "judicially reconciled and symbiotically accommodated" with the fiction of constructive filing fails to recognize that the underlying principle of reconciliation and accommodation is *estoppel,* a principle inapplicable to the cases now before us.

As early as 1869 this court held in a civil case that time requirements for filing a notice of appeal cannot be waived by the adverse party's failure to raise the issue of late filing in a motion to dismiss because timely filing "goes to the jurisdiction of the court." (*Fairchild* v. *Daten* (1869) 38 Cal. 286.)

In *People* v. *Walker* (1901) 132 Cal. 137, 138 [64 P. 133], the defendant contended "the same conclusion [that timely filing of the notice of appeal is jurisdictional] does not follow in criminal cases." Finding "no ground upon which a distinction in this respect can be made between civil and criminal cases," we held the purported appeal could not be considered because it had been filed after expiration of the statutory period.[1] (*Id.* at p. 139.)

We reiterated this principle in *People* v. *Lewis* (1933) 219 Cal. 410, 413 [27 P.2d 73]: "The requirements as to the time for filing notices of appeal are mandatory and jurisdictional in both civil and criminal actions."

It was no doubt because we had so recently and so intransigently held "jurisdiction [cannot] be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver" (*Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250]) that when this court did create an estoppel exception to the jurdisdictional doctrine in *People* v. *Slobodion* (1947) 30 Cal.2d 362 [181 P.2d 868], we did so through the fiction of constructive filing. But such a "confirmed judicial habit of avoiding the application of a strictly worded rule by indulging in fiction . . . in order to approximate 'justice' "[2] results in mischief when, as here, the fiction causes courts subsequently to lose sight of the reason why justice seemed to require avoidance of the rule in the landmark case.

The rationale underlying the fiction of constructive filing in *Slobodion* is that the state as prosecutor should be *estopped* from benefiting from the untimely filing caused by the state as jailer. This is transparently clear upon reading the case: "In short, the situation presents these considerations: The state by law imposed the conditions governing the taking of an appeal; appellant incarcerated in a state institution was forced to comply with the

---

[1] In *People* v. *Varnum* (1879) 53 Cal. 630, this court held an untimely appeal taken from an order denying a new trial in a criminal case "must be dismissed."

[2] 3 Corbin, Contracts (1960 ed.) section 561, page 279.

state prison rules, which included the censoring of all communications of the inmates prior to mailing and which in the case of legal mail might require 'one day or a week' before clearance was had; and the notice in question failed to reach the 'clerk of the superior court' for actual filing within the prescribed time, not through any fault on the part of appellant but solely as the result of the negligence of the state's employees. In such circumstances no other conclusion is tenable but that appellant, by placing his notice in the hands of the state's employees for mailing six days prior to the final day allowed for its actual filing, met the time requirements governing his right of appeal insofar as it was possible for him to do so. Obviously, he was powerless to prevent any delay which might ensue after he delivered in prison his notice of appeal to the state employees for forwarding; any tardiness then occurring was attributable wholly to the state's employees. It would be absurd to hold in a criminal case that the state may extend the right of appeal contingent upon timely pursuit thereof and then deny such fundamental right because the state's employees were remiss in complying with the state's law. Such a paradoxical result would have no legal justification, and so it must be said here that when appellant timely deposited his notice of appeal with the state's employees as required by the state prison rules, such action constituted a constructive filing of the specified notice." (*People* v. *Slobodion, supra,* at pp. 366-367.)

The fiction of constructive filing should not be applied to these cases because the underlying justification for estoppel is not present. Here the state as jailer was not a party to, nor responsible for, the failure to file timely notices of appeal. Responsibility lies solely upon the petitioners and their counsel. Unlike *Slobodion,* it cannot be said the state here is benefiting from its own wrongdoing.

Both before and after *Slobodion* this court invoked the jurisdictional doctrine in denying relief from late filing of the notice of appeal where the defendant or his attorney was responsible for the tardiness.

In *People* v. *Lewis, supra,* 219 Cal. 410, the defendant contended his late filing should be excused because the attorney representing both men had inadvertently omitted defendant's name from his codefendant's timely notice of appeal. We held: "Where through inadvertence or mistake of a party or his attorney notice is not filed within the time limited by law, neither the trial court nor appellate court can afford relief thereafter by permitting filing of a tardy notice." (*Id.* at p. 414.) Long after *Slobodion* we cited the holding in *Lewis* with approval in *In re Del Campo* (1961) 55 Cal.2d 816, 817 [13 Cal.Rptr. 192, 361 P.2d 912].

In *People* v. *Riser* (1956) 47 Cal.2d 594 [305 P.2d 18], the People moved to dismiss the appeal on the ground notice of appeal had not been filed within the required period. The cause of the delay was a breakdown in communication between defendant and counsel, according to an affidavit filed by counsel, a deputy public defender. Distinguishing *Slobodion* on the ground the state was not the cause of the delay, this court observed: "The state has no duty to see that every convicted prisoner perfects an appeal, nor is it responsible should the public defender fail to act. (See *People* v. *Walsh,* 129 Cal.App.2d 327, 328-329 [277 P.2d 73]; *People* v. *Cox,* 120 Cal.App.2d 246 [260 P.2d 1050].)"[3] (*Id.* at pp. 595-596.)

*Lewis* remained the law until it was "abrogated by the [1961] amendments to rule 31(a)." (*People* v. *Casillas* (1964) 61 Cal.2d 344, 346, fn. 2 [38 Cal.Rptr. 721, 392 P.2d 521].) The provision in rule 31(a) empowering appellate courts to grant relief from failure to file a timely notice of appeal, added in 1961, was eliminated in 1972. Therefore, appellate courts no longer have jurisdiction to grant such relief.

Even if this court had jurisdiction to grant relief from failure to file a timely notice of appeal where delay is caused by defense counsel rather than the state, we should refuse to grant such relief, just as we deny relief where a guilty plea is entered in reliance on misrepresentations as to sentencing made by defense counsel rather than the state. " '[P]urported misrepresentations of defense counsel that a specific sentence will be imposed are insufficient to vitiate a plea entered in reliance thereon' (*People* v. *Reeves* (1966) 64 Cal.2d 766, 776 [51 Cal.Rptr. 691, 415 P.2d 35]), and they are certainly insufficient to have any binding effect on the trial court as to the sentence to be imposed. Such alleged misrepresentations cannot rise to the level of a valid plea bargain in the absence of at least apparent substantial corroboration by a responsible public official. (Cf.,

[3]In *People* v. *Cox* (1953) 120 Cal.App.2d 246 [260 P.2d 1050], oral notice of appeal was given in open court but written notice of appeal was not filed in time. In an affidavit accompanying the written notice of appeal defendant explained he had been informed an appeal had been made by his attorney and thought the appeal had been handled properly. Counsel on appeal contended the failure of trial counsel to perfect the appeal brought the case under *Slobodion.* Distinguishing *Slobodion,* the Court of Appeal relied on *Lewis* for holding: "The courts have recognized no excuse for the late filing of a notice of appeal, whatever the hardship or apparent injustice involved." (120 Cal.App.2d at p. 247.)

In *People* v. *Walsh* (1954) 129 Cal.App.2d 327 [277 P.2d 73], an appeal from denial of a petition for a writ of *coram nobis,* the defendant claimed his failure to appeal his conviction should be excused because his trial counsel, an assistant public defender, assured him an appeal would be taken and gave oral notice of appeal but never filed written notice of appeal. Defendant contended he should not be charged with the neglect of the public defender, court-appointed counsel. The Court of Appeal found the case indistinguishable from *People* v. *Cox, supra,* and rejected his contention. (129 Cal.App.2d at p. 329.)

*People* v. *Gilbert* (1944) 25 Cal.2d 422, 443 [154 P.2d 657]).” (*People* v. *Ribero* (1971) 4 Cal.3d 55, 61-62 [92 Cal.Rptr. 692, 480 P.2d 308].)

The majority concedes: “[I]t is true that rule 250 places the responsibility for filing a notice of appeal upon the defendant. . . .” (*Ante,* p. 87.) A defendant who chooses to discharge this responsibility through counsel should be held liable for his counsel's negligence.

Since this court does not have jurisdiction to grant the relief petitioners seek, and should not grant such relief even if it had jurisdiction, the petitions for writs of habeas corpus should be denied.

Respondent's petition for a rehearing was denied October 24, 1973. Clark, J., was of the opinion that the petition should be granted.