Filed 5/1/15  In re Lucas CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re<br><br>JD DWAINE LUCAS,<br><br>On Habeas Corpus. | F070962<br><br>(Stanislaus Super. Ct. Nos. 1458227, 1454017 & 1454471)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDING; petition for writ of habeas corpus.

JD Dwaine Lucas, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Respondent.

-ooOoo-

Petitioner seeks permission to file a belated appeal by way of a petition for writ of habeas corpus.  We grant petitioner's request for a belated appeal.  Petitioner's additional habeas claims are denied without prejudice for consideration in the appeal.

---

[*]      Before Gomes, A.P.J., Poochigian, J., and Smith, J.

## STATEMENT OF CASE

On September 11, 2014, petitioner was sentenced to 8 years 8 months for evading a peace officer, grand theft auto, and having a prior prison term.

Petitioner claims his sentence was illegally enhanced because the prior prison term imposed belonged to his codefendant, not petitioner. Petitioner alleges he told counsel of this error, but counsel stated the district attorney was correct in assigning the prior prison term to petitioner.

Petitioner claims he was discharged from parole on February 27, 2012, yet his home was searched without a warrant on February 1, 2013. Petitioner presented this information to counsel, but counsel said there was no violation of his rights.

On September 11, 2014, the day of sentencing, petitioner "asked [his] attorney to file an appeal based on the prison prior being not mine. He said he would." On December 20, 2014, over three months later, "[petitioner] made the assumption it hadn't been filed" and inquired of different law schools and the Central California Appellate Program for help on how to file a notice of appeal. Petitioner does not claim he made any effort to contact his attorney regarding the status of his appeal during those three months.

On February 17, 2015, petitioner filed a petition for writ of habeas corpus and request to file a notice of appeal under the constructive filing doctrine in this court.

On March 4, 2015, this court sent a letter to petitioner's trial counsel, Stanislaus County Public Defender Greg Spiering, giving him 30 days to respond to petitioner's ineffective assistance of counsel claims. Mr. Spiering has not responded.[1]

On March 5, 2015, this court issued an order considering granting the petition for writ of habeas corpus and allowed the Attorney General leave to respond.

---

[1]     The letter sent to Mr. Spiering states his response in the matter is optional, and this court will draw no inferences if he declines to respond.

2

On March 25, 2015, the Attorney General filed an informal response informing this court that it does not oppose petitioner's request for a belated appeal.

**DISCUSSION**

"It shall be the duty of every attorney representing an indigent defendant in any criminal, juvenile court, or civil commitment case to execute and file on his or her client's behalf a timely notice of appeal when the attorney is of the opinion that arguably meritorious grounds exist for a reversal or modification of the judgment or orders to be appealed from, and where, in the attorney's judgment, it is in the defendant's interest to pursue any relief that may be available to him or her on appeal; *or when directed to do so by a defendant having a right to appeal.*" (Pen. Code, § 1240.1, subd. (b), emphasis added.)

A notice of appeal must be filed within 60 days of the judgment or order being appealed from. (Cal. Rules of Court, rule 8.308(a).) An appealable judgment in a criminal case is generally rendered at the time of sentencing. (Pen. Code, § 1237, subd. (a).)

The doctrine of constructive filing is a "basis for judicial acceptance of an excuse for the appellant's delay [in filing a notice of appeal] in order to do justice." (*In re Benoit* (1973) 10 Cal.3d 72, 84 (*Benoit*).) The doctrine of constructive filing allows an untimely filed notice of appeal to be deemed timely when a defendant relied upon the promise of trial counsel to timely file the notice on defendant's behalf and fails to do so. (*Id.* at pp. 86-87, 89.) The doctrine protects a defendant who has been "lulled into a false sense of security in believing that an attorney—especially [his or her] trial attorney—will carry out his undertaken task." (*Id.* at p. 87.)

Petitioner relied on trial counsel's statement that counsel would file a timely notice of appeal, and three months later, petitioner assumed counsel failed to do so. Petitioner immediately sought help on how to file a notice of appeal, and two months later, filed his

3

petition for writ of habeas corpus and request for constructive filing. Petitioner's trial counsel did not respond to petitioner's claims and the Attorney General does not oppose this issue.

*The Other Hand of Benoit*

"On the other hand, in view of the ample time period and the advice he has received under [California Rules of Court,] rule 250 [renumbered as 4.305], we will not indiscriminately permit a defendant whose counsel has undertaken to file the notice of appeal, to invoke the doctrine of constructive filing *when the defendant has displayed no diligence in seeing that his attorney has discharged this responsibility*." (*Benoit*, *supra*, 10 Cal.3d at pp. 88-89, emphasis added.)

In *Benoit*, two petitioners, Benoit and Wyckoff, were allowed to file a belated notice of appeal through the constructive filing doctrine.

Petitioner Benoit (Benoit) had two trials where he was represented by different counsel. When Benoit was sentenced in the first trial, Benoit asked the first trial counsel to file a notice of appeal. (*Benoit*, *supra*, 10 Cal.3d at p. 87.) Benoit was transferred to a different county for trial on another charge and represented by a second trial counsel. Benoit asked the second trial counsel to ensure the first trial counsel filed the notice of appeal. The second trial counsel was assured by the first trial counsel's secretary that the appeal was being processed. At Benoit's apparently repeated insistence, the second trial counsel later rechecked and discovered the appeal had not been filed. (*Ibid*.)

Petitioner Wyckoff (Wyckoff) asked his trial counsel to file a notice of appeal, trial counsel promised he would. (*Benoit*, *supra*, 10 Cal.3d at pp. 77-78.) At or near the time the notice was due, Wyckoff asked counsel why his notice of appeal had not been filed. Counsel responded he assumed it had been filed, and ultimately filed an untimely notice of appeal. (*Ibid*.)

4

"It is eminently clear that petitioner Benoit was *fully diligent in his repeated efforts within the 60-day period to make sure his appeal was filed.* He was thwarted by circumstances beyond his control, and is entitled to a declaration that his appeal is pending by virtue of the doctrine of constructive filing. [¶] … [¶] At or near the time the notice was due, petitioner Wyckoff inquired of the clerk of the court whether [the notice of appeal] had been filed. When, upon further inquiry he discovered the notice had still not been filed, he made inquiry of his attorney.… We hold that these *diligent efforts* in addition to the reasonable reliance upon his attorney's explicit promise entitles petitioner Wyckoff to constructive filing of his appeal. (*Benoit*, *supra*, 10 Cal.3d at p. 89, emphasis added.)

Both petitioners in *Benoit* displayed diligence *during or at the end* of the 60-day period to check if their notice of appeal had been filed. (*Benoit*, *supra*, 10 Cal.3d at p. 89, emphasis added.) Petitioner does not state he made any efforts to check on the status of his appeal during the three months from September 11, 2014, when counsel told him he would file the notice of appeal, until December 20, 2014, when petitioner made the assumption it had not been filed. Despite petitioner not displaying the same amount or type of diligence that the petitioners in *Benoit* did, it appears petitioner displayed <u>some</u> diligence when he assumed his attorney had failed to file a notice of appeal and began advocating on his own behalf.

We conclude petitioner is entitled to relief.

### **DISPOSITION**

Petitioner is granted leave to file a notice of appeal and request for certificate of probable cause on or before 30 days from the filing date of this opinion in Stanislaus County Superior Court, case Nos. 1458227, 1454017 and 1454471.

Let a writ of habeas corpus issue directing the Clerk of the Stanislaus County Superior Court to file petitioner's notice of appeal in its case Nos. 1458227, 1454017 and

5

1454471, if received within 30 days from the date of the filing of this opinion, to treat it as being timely filed, and to proceed with the preparation of the record on appeal in accordance with the applicable California Rules of Court.

Petitioner's additional habeas claims are denied without prejudice for consideration in the appeal.

A copy of this opinion shall be sent to the Central California Appellate Program.