Filed 7/13/22  P. v. Fauolo CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TAISIA PETE FAUOLO III,<br><br>        Defendant and Appellant. | A162252<br><br>(San Mateo County<br>Super. Ct. No. 18NF004967A) |

After a jury found Taisia Pete Fauolo III guilty of assault with a semi-automatic firearm and being a felon in possession of a firearm, he was sentenced, and later resentenced, to 19 years in prison.  Fauolo's sole contention on appeal is that he is entitled to resentencing under Senate Bill No. 567 (Sen. Bill No. 567 (2021–2022 Reg. Sess.) § 1.) (S.B. 567).  The People concede as much and we agree.  Accordingly, we vacate Fauolo's sentence and remand for resentencing in light of S.B. 567.

## BACKGROUND

On November 5, 2019, Fauolo was convicted by a jury of assault with a semi-automatic firearm (Pen. Code, § 245, subd. (b))[1] (count 2) and being a felon in possession of a firearm (§ 29820, subd. (b)) (count 6).  The jury also found true enhancements as to count 2:  the personal use of a firearm

_____

[1] Undesignated statutory references are to the Penal Code.

1

(§ 12022.5, subd. (a)) and personal infliction of great bodily injury (§ 12022.7, subd. (a)). The trial court also found true the allegation that Fauolo had a prior serious or violent felony conviction. (§§ 667, subds. (b)–(j), 1170.12.)

On August 12, 2020, the court sentenced Fauolo to a total term of 24 years in state prison, calculated as follows: the middle term of six years on count 2, doubled pursuant to section 1170.12, subdivision (c)(1), plus the middle term of four years for the firearm enhancement, a three-year term for the great bodily injury enhancement, and a five-year term for the prior serious felony enhancement. The court also imposed, and stayed, a prison term of 16 months on count 6.

Fauolo filed a timely notice of appeal.[2]

On April 23, 2021, the court resentenced Fauolo and dismissed the prior serious felony enhancement on count 2 on the ground it was based on a nonqualifying prior juvenile adjudication. The court vacated the original sentence and imposed a new sentence of 19 years in state prison on count 2, calculated in the same manner as the original sentence, less the five-year term for the prior juvenile adjudication. As to count 6, the court imposed, and stayed, a prison term of four years.

## DISCUSSION

When Fauolo was resentenced in 2021, section 1170 provided that the choice between the lower, middle, and upper term "shall rest within the

---

[2] The notice of appeal was filed on January 21, 2021, after the 60-day deadline for filing an appeal had expired. (Cal. Rules of Court, rule 8.308(a).) However, we granted Fauolo's unopposed motion for an order deeming the notice of appeal timely filed under the doctrine of constructive filing. (See *In re Benoit* (1973) 10 Cal.3d 72, 84.) Fauolo argued compelling circumstances supported excusing the delay: he diligently sought to initiate the appeal process, and he relied upon the assurance of his counsel that the notice of appeal would be timely filed, but counsel neglected to fulfill that promise.

sound discretion of the court," with the court to determine which term "best serves the interests of justice." (Former § 1170, subd. (b).)

Effective January 1, 2022, S.B. 567 amended section 1170 by adding subdivision (b)(6), which provides in relevant part: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (Stats. 2021, ch. 731, § 1.3.) "A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).)

The parties agree that amended section 1170, subdivision (b) applies retroactively to Fauolo's case and that remand for resentencing is necessary. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039.) It is undisputed the judgment was not yet final; Fauolo was under the age of 26 when he committed the underlying offenses; and the court did not consider whether Fauolo's youth was a contributing factor to the commission of the offenses when it imposed the middle term on both the aggravated assault and firearm enhancement on count 2.

We agree with the parties and remand the matter to the trial court for resentencing. (See *People v. Flores*, *supra*, 73 Cal.App.5th at p. 1039.)

## DISPOSITION

The sentence is vacated, and the case is remanded for resentencing under the amended version of section 1170, subdivision (b). In all other respects, the judgment is affirmed.

3

_____
                             Richman, Acting P. J.

We concur:


_____
Stewart, J.


_____
Mayfield, J. *


*People v. Fauolo* (A162252)

    \*Judge of the Mendocino Superior Court, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4