Filed 10/13/22  In re Mares CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re LAWRENCE ALBERT MARES, <br><br> on Habeas Corpus. | G061818 <br><br> (Super. Ct. No. 13CF0191) <br><br> O P I N I O N |

Original proceeding; petition for writ of habeas corpus to file a late notice of appeal.  Petition granted.

Appellate Defenders, Inc., and Leslie Ann Rose for Petitioner.

Rob Bonta, Attorney General, and Charles C. Ragland, Senior Assistant Attorney General for Respondent.

\*　　　\*　　　\*

THE COURT:*

Petitioner Lawrence Albert Mares seeks relief from the failure to file a timely notice of appeal, and to have it deemed constructively filed under the authority of *In re Benoit* (1973) 10 Cal.3d 72. The petition is granted.

After he was convicted by a jury, petitioner was sentenced to three years plus life, plus 25 years-to-life in state prison. He appealed his conviction. In an appeal, this court affirmed the judgment of conviction but remanded for the limited purpose of allowing the trial court to exercise its discretion pursuant to Penal Code section 12022.53, subdivision (h). (*People v. Mares* (Jul. 26, 2018, G053959) [nonpub. opn.].)

On August 2, 2019, the court denied petitioner's motion for resentencing. Based on the date of the hearing, the 60-day deadline for filing a notice of appeal in petitioner's case was October 1, 2019.

Petitioner, who was present at his resentencing hearing, was represented at that hearing by retained attorney Early M. Hawkins. Petitioner told attorney Hawkins that he wanted to appeal from the court's denial of his sentencing motion.

Over the period of the next three years the COVID-19 pandemic slowed court proceedings. Increasingly concerned about the status of his appeal because he did not receive an update from counsel, petitioner and other family members attempted to contact attorney Hawkins but were unable to reach him. Finally, in June 2022, petitioner wrote to Appellate Defenders, Inc. (ADI), to find out whether an appeal had been filed in his case. He discovered that it had not.

ADI staff attorney Rose contacted attorney Hawkins who advised her that he recalled appearing at petitioner's remand/re-sentencing hearing. He reviewed his notes but told her he did not see either a request for an appeal to be filed or any action to be taken related to it. He did not recall petitioner specifically requesting he file an

---

* Before Sanchez, Acting P. J., Moore, J., and Motoike, J.

2

appeal. However, he stated it is his normal practice to file notices of appeal in just about every felony case and particularly if the client is going to prison for a long time, as in petitioner's case. He further stated he could give no other explanation regarding why a notice of appeal was not filed in petitioner's case, except that perhaps a mistake had been made which caused the notice of appeal not to be filed.

The Attorney General does not oppose petitioner's request for constructive filing of his notice of appeal.

The principle of constructive filing of a late notice of appeal should be applied in situations were a criminal defendant requests trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit, supra,* 10 Cal.3d 72, at pp. 87-88.) Relief is also made available where trial counsel renders a criminal defendant ineffective assistance of counsel entitling him or her to the constructive filing of a timely notice of appeal. (*Roe v. Flores-Ortega* (2000) 528 U.S. 470.) In *Roe,* the United States Supreme Court concluded where trial counsel has been ineffective in failing to properly consult with his or her client about the appeal process, and that "constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." (*Id.* at p. 484.)

Here, petitioner told counsel to file an appeal on his behalf and counsel did not do so. Moreover, attorney Hawkins explained that it is his normal practice to file notices of appeal in just about every felony case, particularly if his client was going to be imprisoned for a substantial period as in petitioner's case. Hawkins further stated he could give no explanation regarding why a notice of appeal was not filed in petitioner's case, except that perhaps a mistake had been made.

The petition is granted. On petitioner's behalf, Attorney Leslie Ann Rose is directed to prepare and file a notice of appeal from the court's order entered on August 2, 2019. In Orange County Superior Court case No. 13CF0191, the clerk of the superior

court is directed to accept the notice for filing if presented within 30 days of this opinion becoming final. Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.