[Crim. No. 2577.   First Dist., Div. One.   Feb. 16, 1949.]

In re Inez Dean, on Behalf of LESLIE SCOTT SWINDALL, a Minor, on Habeas Corpus.

Hoey, Hoey & Fenstermacher and Francis Hoey for Petitioner.

John L. Garaventa for Respondent.

WARD, J.—A writ of habeas corpus was issued by the court upon the application of Inez Dean, the paternal grandmother of Leslie Scott Swindall, a minor. The minor is the issue of the marriage of Leslie Elmer Swindall, and Leila

(sometimes referred to as Lela) Hazel Swindall. By the terms of a decree of the Circuit Court of the State of Oregon for Multnomah County, on May 31, 1944, dissolving the marriage of the parents, their minor son was awarded to the custody of Inez Dean with right of visitation by the parents. On May 2, 1946, a petition filed on behalf of the mother for modification of the custody decree was denied by the Oregon court. At the time of filing the petition for modification the mother had remarried and was, and is now, Leila Hazel Hawkins. During the summer of 1948 Mrs. Hawkins, with the consent of the father and paternal grandmother, removed the child from Oregon for a visit to Contra Costa County in California. The child was not returned to Oregon. Subsequently an application for letters of guardianship of the person and estate of the minor Leslie Scott Swindall was filed by the mother in Contra Costa County. The application for guardianship was followed by the present habeas corpus proceeding. This court, with the consent of the respective litigants, appointed a judge of the superior court of the state of California presiding in Contra Costa County, as a referee to pass upon the issues raised by the return in the habeas corpus proceeding pending in this court. A stay as to final action on the guardianship petition pending in Contra Costa County was ordered until the determination of the habeas corpus proceeding, with the right to hear the two matters at the same time.

Under such facts and circumstances as appear in this proceeding the "only ground" upon which a person who has been denied custody of a minor in a sister state but has physical possession in this state may prevail is to present proof of "changed circumstances warranting a modification of the custody order." (*In re Bauman,* 82 Cal.App.2d 359, pp. 361-362 [186 P. 2d 154]; *Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719]; *In re Kyle,* 77 Cal.App.2d 634 [176 P.2d 96].)

The referee, Honorable Homer V. Patterson, made the following report: "The Referee finds that the custody of the minor was awarded to the petitioner in 1944 by decree of divorce duly given and made by the Circuit Court of the State of Oregon for the County of Multnomah, and thereafter on the 2d day of May, 1946, a hearing was had before said Court on an application filed by respondent for the modification of the said decree and to give custody of said minor to the respondent herein. That said Court by its order duly

given and made on the 2d day of May, 1946, denied the application to modify said decree.

"The Referee further finds that on May 2, 1946, the respondent was employed; her husband who had just been discharged from the Military Service was not employed; that they were living in an apartment in the home of the parents of respondent's husband; that the respondent had been in ill health before her discharge from the WACS and had not fully recovered, although sufficiently so to be regularly employed.

"At the time of the present hearing the Referee finds: that the respondent is not employed; that her husband is attending college, has a part time employment, his monthly earnings are $237.00; that the respondent and her husband now reside in a separate home owned by the parents of respondent's husband; that the respondent is in a good state of health.

"The Referee further finds that there has been no change of circumstances with reference to the home of the petitioner.

"It is the view of the Referee that the changed circumstances are not so substantial in character as to warrant any change in custody.

"It is therefore recommended that the petition be granted."

The transcript of the record taken before the referee has been examined by this court and the respective parties given an opportunity to argue the legal and factual problems presented to the referee and to this court. Several additional minor changes in circumstances have been noted. Substantially more evidence should be required to permit a court of a sister state to modify a custody order than the court of original jurisdiction.

This court is not in as good a position to weigh the evidence of changed circumstances as the Oregon court that granted the original decree and denied the subsequent motion for modification. As one instance justifying the foregoing statement the record shows that when the mother was asked, "Why didn't you return the child?" she answered, "Because the father came down here in August and told me it was not a fit environment to take the child back to." In this proceeding the father was not a party, nor did he appear as a witness.

The order herein will not estop the court of original jurisdiction from hearing the matter upon the filing of an appropriate petition and without the limitation as to the period to which this court is confined.

The evidence taken before the referee not only sustains the findings, but, exercising an independent judgment on the facts, as we must, we adopt those findings as the findings of this court.

The modified stay order issued by this court staying proceeding "In the Matter of the Guardianship of the Person and Estate of Leslie Scott Swindall," now pending in the Superior Court of Contra Costa County, is terminated, and Leila (Lela) Hazel Swindall, now known as Leila Hazel Hawkins, is ordered and directed forthwith to deliver custody of the minor, Leslie Scott Swindall, to Inez Dean, the petitioner herein.

Peters, P. J., and Bray, J., concurred.