*717
 
 Opinion
 

 BROWN (Gerald), P. J.
 

 —Edward A. Fountain, through his attorney, petitions this court for a writ of habeas corpus to relieve him from the consequences of failing to file a timely notice of appeal from a judgment convicting him of possessing a controlled substance for sale (Health & Saf. Code, § 11351). Fountain had pleaded guilty and was sentenced tó prison. This court issued an order to show cause returnable before the superior court with directions to report back findings of fact and conclusions of law.
 

 Fountain was represented by appointed counsel in the trial court. That counsel did not file a notice of appeal nor is it anywhere suggested in the records of this proceeding he was requested to do so. Fountain’s mother, however, paid $500 to present counsel within the 60-day period to file a notice of appeal. That fee clearly related to the processing of an appeal. No other justification for it appears in the record.
 

 The attorney failed to file a notice of appeal until too late, and then filed an inadequate notice which did not meet the requirements of Penal Code section 1237.5 or California Rules of Court, rule 31(d).
 

 Petitioner’s attorney alleges Fountain’s mother asked if he would handle the appeal. She gave him $500 and represented she would pay the balance within the 60-day period within which a notice should have been filed. He asserts he said he would hold the $500 apart from other funds, and not proceed until the full sum was delivered to his office. The balance (an amount nowhere specified) was not paid in time and the attorney did not file the jurisdictional notice.
 

 The Attorney General seizes upon the fact the petition constitutes more of a timorous apologia for the attorney’s abandonment of Fountain’s interests than an advocacy of those very interests and concludes “This is surely one of the more ludicrous applications for habeas corpus . . . .” We would agree, but not for the reasons advanced by counsel for the respondent.
 

 Central to the Attorney General’s argument is the notion petitioner Fountain’s mother (who the record indicates was on welfare) was somehow on a frolic of her own when she advanced $500 for counsel to handle the appeal and Fountain in no way authorized, ratified, requested or consented to that action. The superior court judge who heard the
 
 *718
 
 order to show cause apparently was persuaded by this theory because he found Fountain did not exercise due diligence in filing a notice of appeal and placed no reasonable reliance on his attorney to file one. The lower court concluded there had not been a timely constructive filing of a notice of appeal.
 

 The superior court acted as a referee in taking evidence. While its findings are entitled to great weight, they are not binding upon this court
 
 (In re Fresquez,
 
 67 Cal.2d 626, 634 [63 Cal.Rptr. 271, 432 P.2d 959];
 
 In re Atchley,
 
 48 Cal.2d 408, 411 [310 P.2d 15]) and this court is required to exercise its independent judgment on the facts
 
 (In re Swindall,
 
 90 Cal.App.2d 177, 180 [202 P.2d 845]).
 

 We are unable to reconcile the weight of the evidence contained in the declarations with the findings made by the referee. We find as reasonable inferences that Fountain’s mother acted on his behalf and with his authority when she paid the attorney $500 to undertake his appeal. We further find that, at a minimum, counsel’s acceptance of the money created a contractual obligation on his part to protect Fountain’s appeal rights by filing a timely and adequate notice. Since the attorney was so employed within the 60-day time limitation for filing a notice, there was no lack of diligence on Fountain’s part, only the egregious failure on the part of his attorney. We find no reasonable inference Fountain did not rely on his attorney. There is nothing in the record to show counsel communicated to Fountain that he had encountered any problems in processing the appeal.
 
 [1]
 

 We conclude Fountain constructively filed an appeal and he is entitled to relief under the holding of
 
 In re Benoit,
 
 10 Cal.3d 72 [109 Cal.Rptr. 785, 514 P.2d 97], Moreover, Fountain is entitled to an effective appeal. Because he pleaded guilty any notice of appeal must comply with Penal Code section 1237.5 or California Rules of Court, rule 31(d), if indeed the proceedings leading to and including his sentencing raise issues which can be reviewed under the limitations of the code section and rule.
 

 
 *719
 
 This case presents the paradigm of why an attorney who is caught in a conflict of interest is unable to provide effective assistance of counsel. The petition was verified by the attorney and seeks relief from the consequences of his failure to act. Rather than advocate Fountain’s cause, the petition seeks to establish there was no attorney-client relationship until after the appeal time had run. Were we to draw that inference, counsel would have accepted $500 in order to destroy Fountain’s appeal rights, something Fountain was perfectly capable of doing by himself. The attorney’s obligations are well stated in 1 Witkin, California Procedure (2d ed. 1970) Attorneys, section 121, page 131: “An attorney may think an appeal useless or too expensive, or may deem his compensation inadequate, and therefore decide against the step [filing the notice of appeal]. In such a situation he should consult his client and, if overruled, may choose to withdraw; it is scarcely proper to allow the time to lapse without advising his client of the danger of loss of the right.”
 

 Counsel’s attempt, in the petition, to shift blame for the loss of Fountain’s appeal rights onto the shoulders of Fountain and his mother was followed by a failure to put either of them on the stand to testify as to their understanding.of what the attorney was to do and their reliance on him. Counsel merely submitted the order to show cause on his own defensive and self-serving petition and declaration.
 

 Wé conclude the attorney is, and will continue to be, in such conflict of interests with Fountain that he cannot effectively represent Fountain on his appeal. We deem it appropriate to order him terminated as counsel for Fountain and to order all monies received by him by reason of that representation and his representation in this proceeding returned to the person or persons who paid it. We also deem it appropriate to appoint other counsel for the limited purpose of filing an adequate notice of appeal (if under the facts of the case that can be done) and to advise Fountain as to his rights to an attorney and how to go about obtaining one.
 

 The writ is granted. Present counsel is terminated as counsel for petitioner and he is ordered to return all monies received by him for his legal representation of petitioner in this proceeding as well as in the appeal of petitioner’s conviction in San Diego Superior Court action number CR-36135. Counsel shall furnish proof of such reimbursement to the payor of such fees to this court within 20 days of the finality of this decision.
 

 
 *720
 
 The Clerk of the San Diego County Superior Court is directed to accept and file any notice of appeal and related pleadings in CR-36135 if tendered within 30 days of the finality of this decision.
 

 Appellate Defenders, Inc. is appointed counsel for petitioner for the limited purpose of filing an adequate notice of appeal, if review is factually available to petitioner, in CR-36135 and to advise petitioner in the matter of obtaining counsel for further appellate procedures.
 

 Cologne, J., and Staniforth, J., concurred.
 

 A petition for a rehearing was denied November 22, 1977, and the opinion was modified to read as printed above.
 

 [1]
 

 We stress that our finding Fountain acted diligently is a finding of fact by this court and not a conclusion of law based upon the sole fact counsel was retained within the time to appeal. Other factors leading to our finding include the fact counsel did ineffectively file a notice of appeal some three weeks late, the obvious attempt of counsel to gloss over his own shortcomings to the detriment of his client in the petition and the absence, of any allegation counsel communicated with Fountain or his mother concerning counsel’s default and any need for further action on Fountain’s part.