Filed 5/9/14  In re Salas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F068533 |
| GABRIEL SALAS, | (Tulare Sup. Ct. No. VCF230600A) |
| On Habeas Corpus. | **OPINION** |

### THE COURT*

ORIGINAL PROCEEDING; petition for writ of habeas corpus.

Gabriel Salas, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, and Catherine Chatman, Deputy Attorney General, for Respondent.

-ooOoo-

In a petition for writ of habeas corpus filed on December 17, 2013, Gabriel Salas (petitioner) seeks permission to file a belated appeal.  We will grant petitioner's request based on defense counsel's admission he was asked to file an appeal immediately upon conviction.

---

\*        Before Hill, P.J., Cornell, J., and Peña, J.

## STATEMENT OF FACTS

On June 20, 2012, a Tulare County jury found petitioner guilty of murder with street gang and firearm enhancements. Both petitioner and defense counsel declare, under penalty of perjury, that petitioner asked counsel to file an appeal immediately upon conviction. On August 24, 2012, the superior court sentenced petitioner to a prison term of 25 years to life. No notice of appeal was ever filed in the matter.

## DISCUSSION

A notice of appeal must be filed within 60 days of the judgment or order being appealed from to confer appellate jurisdiction on this court. (Cal. Rules of Court, rule 8.308(a).) An appealable judgment in a criminal case is generally rendered at the time of sentencing. (Pen. Code, § 1237, subd. (a).)[1] Based on petitioner's August 24, 2012, sentencing date, petitioner was required to file a notice of appeal in the trial court no later than October 23, 2012.

A criminal defendant has the burden of timely filing a notice of appeal, but that burden may be delegated to counsel. (*In re Fountain* (1977) 74 Cal.App.3d 715, 719.) Moreover, appointed defense counsel has a statutorily imposed duty to "execute and file" a timely notice of appeal where "arguably meritorious grounds exist for a reversal or modification of the judgment." (§ 1240.1, subd. (b).)

When applicable, the doctrine of constructive filing allows an untimely filed notice of appeal to be deemed timely if the defendant relied upon the promise of trial counsel to timely file the notice on defendant's behalf. (*In re Benoit* (1973) 10 Cal.3d 72, 86-87, 89.) The doctrine protects defendants who have been "lulled into a false sense of security" by defense counsel's promise. (*Id.* at p. 87.) Reasonable doubts as to the veracity of a petitioner's allegations in these matters are to be resolved in favor of the

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

petitioner to protect the right of appeal rather than forfeit it on technical grounds. (Cf. *People v. Rodriguez* (1971) 4 Cal.3d 73, 79; see also *In re Benoit*, *supra*, 10 Cal.3d at p. 89.)

In petitioning this court, petitioner declares under penalty of perjury that, "When the jury came back with a guilty verdict I told my attorney I wanted to file an appeal. He said he would." Petitioner explains he did not know how long an appeal would take, but did not discover that an appeal had not been filed until a visit from his sister in April 2013. Petitioner then asked his sister to contact his attorney regarding the appeal.

Petitioner includes with his petition for writ of habeas corpus a letter from his defense counsel wherein counsel declares, under penalty of perjury, that petitioner asked him to file an appeal immediately after he was convicted "far in advance of the 60 day time limit." Counsel does not explain why he did not file the appeal and did not respond to a January 30, 2014, request from this court granting counsel leave to respond with more information.

On March 14, 2014, this court invited the Attorney General to file a response to the petition for writ of habeas corpus. The Attorney General responded on March 26, 2014, that it "does not oppose petitioner's application for leave to file an otherwise untimely notice of appeal in the superior court."

Based on declarations from both petitioner and defense counsel demonstrating petitioner timely requested, and relied upon, defense counsel to file an appeal, we grant petitioner's request.

## DISPOSITION

Petitioner is granted leave to cause a notice of appeal to be filed on or before 30 days from the filing date of this opinion in Tulare County Superior Court action No. VCF230600A.

3

Let a writ of habeas corpus issue directing the Clerk of the Tulare County Superior Court to file petitioner's notice of appeal if received within 30 days from the date of the filing of this opinion, to treat it as being timely filed, and to proceed with the preparation of the record on appeal in accordance with the applicable California Rules of Court.