Filed 5/14/14  In re Martino CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re<br><br>PAULINO MARTINO,<br><br>On Habeas Corpus. | F068107<br><br>(Tulare Super. Ct. No. VCF267271B)<br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Paulino Martinez, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jamie A. Scheidegger, Deputy Attorneys General, for Respondent.

-ooOoo-

### STATEMENT OF FACTS

Petitioner filed a petition for writ of habeas corpus in this court that sought permission to file a belated appeal from his June 14, 2013, felony conviction in Tulare County Superior Court case No. VCF267271B.  The convictions followed petitioner's entry of a nolo contendere plea.  Petitioner claims his trial attorney failed to timely file a

---

[*]     Before Hill, P.J., Cornell, J., and Kane, J.

notice of appeal on his behalf despite being asked to do so. He also asserts that his trial attorney failed to inform him of his right to appeal. The record shows a second attorney told petitioner he had 90 days to file the notice of appeal. The second attorney shared the same business address as petitioner's trial counsel but did not represent petitioner at the time the statement was made. Petitioner filed his notice of appeal within the 90 days but the superior court rejected his notice as untimely.

## DISCUSSION

A notice of appeal in a felony matter must be filed within 60 days of the date of the rendition of the judgment. (Cal. Rules of Court, rules 8.304, 8.308.) Judgment is rendered at the time it is orally pronounced. (*People v. Thomas* (1959) 52 Cal.2d 521, 529, fn. 3.) A criminal defendant bears the burden of timely filing a notice of appeal but may delegate that burden to trial counsel. (*In re Fountain* (1977) 74 Cal.App.3d 715, 719.)

In an appropriate case, this court has the power to grant a petitioner relief from the failure to timely file a notice of appeal and/or request for certificate of probable cause as required under California Rules of Court, rules 8.304(b) and 8.308, and Penal Code section 1237.5. (*In re Benoit* (1973) 10 Cal.3d 72, 86-87, 89.) "A criminal defendant seeking relief from his default in failing to file a timely notice of appeal is entitled to such relief, absent waiver or estoppel due to delay, if he made a timely request of his trial attorney to file a notice of appeal, thereby placing the attorney under a duty to file it, instruct the defendant how to file it, or secure other counsel for him [citation]; or if the attorney made a timely promise to file an notice of appeal, thereby invoking reasonable reliance on the part of the defendant [citation]." (*People v. Sanchez* (1969) 1 Cal.3d 496, 500.)

In the present case, trial counsel did not timely file a notice of appeal on petitioner's behalf. Counsel did not advise petitioner how to file the document himself or

2

arrange for other counsel to do so on his behalf.  (*In re Chavez* (2003) 30 Cal.4th 643, 658 & fn. 7.)

A second attorney erroneously advised petitioner he had 90 days to file the notice of appeal.  Petitioner relied on that advice and filed his notice of appeal within 90 days only to have it rejected by the Clerk of the Superior Court of Tulare County as untimely.

## DISPOSITION

Petitioner is entitled to relief.  He is granted leave to file a notice of appeal on or before 30 days from the date of the filing of this opinion, in Tulare County Superior Court action No. VCF267271B.

Let a petition for writ of habeas corpus issue directing the Clerk of the Superior Court of Tulare County, if the court receives the notice of appeal on or before 30 days from the date of the filing of this opinion, to treat the notice of appeal as timely filed, and to process the appeal in accordance with the applicable rules of the California Rules of Court.