Filed 5/15/14  In re Villanueva CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F068929 |
| RICARDO G. VILLANUEVA, | (Fresno Super. Ct. No. F10905457) |
| On Habeas Corpus. | **OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Ricardo G. Villanueva, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Ryan B. McCarroll, Deputy Attorneys General, for Respondent.

-ooOoo-

Petitioner seeks leave to file a belated notice of appeal from his May 24, 2013, conviction.

---

[*]    Before Gomes, A.P.J., Detjen, J., and LaPorte, J.[†]

[†]    Judge of the Superior Court of Kings County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

David R. Mugridge represented petitioner at trial. On August 30, 2013, Mr. Mugridge filed a petition for writ of habeas corpus, *In re Ricardo Villanueva*, case No. F067876, seeking relief from the default for failure to file a timely notice of appeal. According to Mr. Mugridge's declaration, petitioner reasonably expected Mr. Mugridge to file a timely notice of appeal. Due to inadvertence, Mr. Mugridge failed to do so. On October 17, 2013, this court issued an order granting the Attorney General leave to file a response limited to the issue of whether petitioner should be granted leave to file a belated notice of appeal. On November 6, 2013, the Attorney General submitted an informal response informing this court that it does not oppose petitioner's request to file a notice of appeal more than 60 days after sentencing. On November 14, 2013, this court issued an opinion granting petitioner leave to file a notice of appeal on or before December 17, 2013.

No notice of appeal was filed on petitioner's behalf.

On February 25, 2014, petitioner filed a letter inquiring as to the status of his appeal. This court deemed the letter to be a new petition for writ of habeas corpus seeking relief from the default for failure to file a timely notice of appeal, and issued a letter requesting Mr. Mugridge to address the status of the appeal. Mr. Mugridge responded that "Mr. Villanueva has not had any fault in failing to timely file a notice of appeal."

On March 25, 2014, this court issued an order granting the Attorney General leave to file a response limited to the issue of whether petitioner should be granted leave to file a belated notice of appeal. On April 15, 2014, the Attorney General filed a letter brief indicating it does not oppose this court issuing another order granting petitioner relief from default.

A notice of appeal and a statement in support of a certificate of probable cause must be filed within 60 days of the date of the rendition of the judgment. (Pen. Code,

§ 1237.5; Cal. Rules of Court, rules 8.304, 8.308.)  Although a criminal defendant has the burden of timely filing a notice of appeal, the burden may be delegated to trial counsel. (*In re Fountain* (1977) 74 Cal.App.3d 715, 719.)  "A criminal defendant seeking relief from his default in failing to file a timely notice of appeal is entitled to such relief, absent waiver or estoppel due to delay, if he made a timely request of his trial attorney to file a notice of appeal, thereby placing the attorney under a duty to file it, instruct the defendant how to file it, or secure other counsel for him [citation]; or if the attorney made a timely promise to file a notice of appeal, thereby invoking reasonable reliance on the part of the defendant [citation]."  (*People v. Sanchez* (1969) 1 Cal.3d 496, 500.)

## DISPOSITION

Petitioner is entitled to relief.  Petitioner is granted leave to file a notice of appeal on or before 30 days from the date of the filing of this opinion, in Fresno County Superior Court case No. F10905457.

Let a writ of habeas corpus issue directing the Fresno County Superior Court, if the court receives the notice of appeal on or before 30 days from the date of the filing of this opinion, to treat the notice of appeal as being timely filed, and to process the request and the appeal in accordance with the applicable rules of the California Rules of Court.

The Clerk/Administrator is directed to send a copy of this opinion to Mr. David Mugridge.