Filed 6/6/14  In re Calderon CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F069096 |
| MIGUEL CALDERON, | (Tulare County Sup. No. VCF239260A) |
| On Habeas Corpus. | **OPINION** |

### THE COURT*

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Miguel Calderon, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, and Jamie A. Scheidegger, Deputy Attorney General, for Respondent.

-ooOoo-

### STATEMENT OF FACTS

A Tulare County jury convicted petitioner jury of six counts of attempted murder (Pen. Code, §§ 664, 187) and one count of shooting at an inhabited dwelling (Pen. Code, § 246).  The jury also found true numerous sentencing enhancements.  Petitioner was originally sentenced in October of 2011 to 120 years to life.

---

\* Before Poochigian, Acting P.J., Detjen, J., and Sarkisian, J.†

† Judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

On appeal, this court concluded the sentence constituted cruel and unusual punishment under *Graham v. Florida* (2010) 560 U.S. 48 and *People v. Caballero* (2012) 55 Cal.4th 262 because petitioner was only 17 years of age at the time he committed the offenses. (*People v. Calderon* (May 23, 2013 , F063435) [nonpub. opn.] at pp. 15-17.) This court reversed and remanded the case for resentencing. (*Id.* at p. 17.)

In the verified habeas petitions he filed in this case and the related action, No. F068837, petitioner states he was resentenced on October 28, 2013, to 55 years to life.[1] He also claims to have asked his attorney at the sentencing hearing to file a notice of appeal on his behalf and that she agreed to do so. He first learned on January 27, 2014, that she had not timely filed the notice of appeal as promised.

The record in this case includes two letters from the Superior Court of Tulare County that support petitioner's allegations. The first, dated January 17, 2014, advised petitioner's trial attorney, Melina Benninghoff, that the court did not receive the notice of appeal she presented in petitioner's case until January 13, 2014, and that the last day to file the notice was December 27, 2013. The second letter, dated March 7, 2014, advised petitioner the court received his notice of appeal on February 13, 2014, but would not act on it because it was untimely. The letter also told petitioner if he wished to pursue an appeal, he would have to file a writ with the Fifth District Court of Appeal.

This petition was filed on March 25, 2014.

This court twice invited petitioner's trial attorney to respond to petitioner's allegations. She did not reply.

The Attorney General was given an opportunity to respond and advised this court in writing on May 27, 2014, that they do not oppose this court granting petitioner relief.

---

[1] On its own motion, this court takes judicial notice of the record in the related habeas proceeding, *In re Miguel Calderon*, No. F068837.

## DISCUSSION

Judgment is rendered at the time it is orally pronounced. (*People v. Thomas* (1959) 52 Cal.2d 521, 529, fn. 3.) A notice of appeal must be filed within 60 days of the date of the rendition of the judgment. (Cal. Rules of Court, rule 8.308.) A criminal defendant has the burden of timely filing a notice of appeal, but the burden may be delegated to trial counsel. (*In re Fountain* (1977) 74 Cal.App.3d 715, 719.) And, in an appropriate case, this court can grant a petitioner relief from trial counsel's failure to timely file a notice of appeal and/or request for certificate of probable cause as required under California Rules of Court, rules 8.304(b) and 8.308, and Penal Code section 1237.5. (*In re Benoit* (1973) 10 Cal.3d 72, 86-87, 89 (*Benoit*).)

Our high court has "long ... recognized a 'well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules."'" [Citation.] '[T]here are many cases in which this policy, implemented in accordance with "applicable rules," will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period.' [Citation.] Although adhering to the established rule that the time for filing a notice of appeal is jurisdictional, these decisions seek to alleviate the harshness of the rule's application in certain compelling circumstances by holding that an appellant's efforts should be deemed to be a *constructive* filing of the notice within the prescribed time limits. ([*Benoit, supra*,] 10 Cal.3d [at pp.] 83-84 …; see also *Hollister* [*Convalescent Hosp., Inc. v. Rico* (1975)] 15 Cal.3d [660,] 669-670] [noting that our constructive-filing decisions reflect application of 'principles of construction and interpretation in a manner consistent with the policy … of granting the right of appeal in doubtful cases' while 'steadfastly adher[ing] to the fundamental precept that the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite

3

to the exercise of appellate jurisdiction'].)  The classic example of the application of this policy is the determination that a notice of appeal was timely filed under the prison-delivery rule."  (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113-114.)

When applicable, the doctrine of constructive filing allows an untimely filed notice of appeal to be deemed timely if the defendant relied on the promise of trial counsel to timely file the notice on defendant's behalf.  (*Benoit, supra*, 10 Cal.3d at pp. 86-87.)  The doctrine protects defendants who have been "lulled into a false sense of security" by trial counsel's promise.  (*Id*. at p. 87.)  In addition, appointed counsel in the trial court has a statutorily imposed duty to "execute and file" a timely notice of appeal where "arguably meritorious grounds exist for reversal or modification of the judgment." (Pen. Code, § 1240.1, subd. (b).)

In the present case, trial counsel did not timely file a notice of appeal on petitioner's behalf despite her promise to do so.

## DISPOSITION

Petitioner is entitled to relief and his petition for writ of habeas corpus is granted.

Petitioner is directed to cause a notice of appeal to be filed in Tulare County Superior Court action No. VCF239260A on or before 30 days of the date this opinion is filed.

Let a petition for writ of habeas corpus issue directing the Clerk of the Superior Court for Tulare County to file the notice of appeal in action No. VCF239260A, to treat it as being timely filed, and to proceed with the preparation of the record on appeal in accordance with the applicable rules of the California Rules of Court if it receives the notice of appeal on or before 30 days of the date this opinion is filed.

This opinion is final forthwith.

4