Filed 6/6/14  In re Ruiz CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| In re | F069330 |
|---|---|
| JOSEPH RUIZ, | (Tulare Super. Ct. No. PCF290775) |
| On Habeas Corpus. | **OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Lisa Bertolino, Tulare County Public Defender, Thomas McGuire, Assistant Public Defender, and Nathan G. Leedy, Supervising Attorney, for Petitioner.

No appearance on behalf of respondent.

-ooOoo-

## STATEMENT OF FACTS

On May 12, 2014, petitioner filed in this court a "Petition for Writ of Mandate." This court deems said pleading to be a petition for writ of habeas corpus.

In the petition, petitioner asserts that his trial attorney failed to fulfill his promise to timely file a notice of appeal from his convictions in Superior Court of Tulare County

---

[*]     Before Cornell, A.P.J., Gomes, J., and Franson, J.

case No. PCF290775.  The convictions followed the denial of petitioner's motion to suppress and his entry of no contest pleas.

Petitioner's former counsel admits he promised to timely file a notice of appeal on petitioner's behalf and inadvertently failed to keep that promise.

The Attorney General was given an opportunity to file opposition to the petition but did not respond in the time allowed.

## DISCUSSION

Judgment is rendered at the time it is orally pronounced.  (*People v. Thomas* (1959) 52 Cal.2d 521, 529, fn. 3.)  A notice of appeal must be filed within 60 days of the date of the rendition of the judgment.  (Cal. Rules of Court, rule 8.308.)  A criminal defendant has the burden of timely filing a notice of appeal, but the burden may be delegated to trial counsel.  (*In re Fountain* (1977) 74 Cal.App.3d 715, 719.)  And, in an appropriate case, this court can grant a petitioner relief from trial counsel's failure to timely file a notice of appeal and/or request for certificate of probable cause as required under California Rules of Court, rules 8.304(b) and 8.308, and Penal Code section 1237.5.  (*In re Benoit* (1973) 10 Cal.3d 72, 86-87, 89 (*Benoit*).)

Our high court has "long ... recognized a 'well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules."'  [Citation.] '[T]here are many cases in which this policy, implemented in accordance with "applicable rules," will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period.'  [Citation.]  Although adhering to the established rule that the time for filing a notice of appeal is jurisdictional, these decisions seek to alleviate the harshness of the rule's application in certain compelling circumstances by holding that an appellant's efforts should be deemed to be a *constructive* filing of the notice within the

2

prescribed time limits. ([*Benoit, supra*,] 10 Cal.3d [at pp.] 83-84 …; see also *Hollister* [*Convalescent Hosp., Inc. v. Rico* (1975)] 15 Cal.3d [660,] 669-670 [noting that our constructive-filing decisions reflect application of 'principles of construction and interpretation in a manner consistent with the policy … of granting the right of appeal in doubtful cases' while 'steadfastly adher[ing] to the fundamental precept that the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction'].) The classic example of the application of this policy is the determination that a notice of appeal was timely filed under the prison-delivery rule." (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113-114.)

When applicable, the doctrine of constructive filing allows an untimely filed notice of appeal to be deemed timely if the defendant relied on the promise of trial counsel to timely file the notice on defendant's behalf. (*Benoit, supra*, 10 Cal.3d at pp. 86-87.) The doctrine protects defendants who have been "lulled into a false sense of security" by trial counsel's promise. (*Id.* at p. 87.) In addition, appointed counsel in the trial court has a statutorily imposed duty to "execute and file" a timely notice of appeal where "arguably meritorious grounds exist for reversal or modification of the judgment." (Pen. Code, § 1240.1, subd. (b).)

In the present case, trial counsel admits he did not timely file a notice of appeal on petitioner's behalf even though he promised to do so.

## DISPOSITION

Petitioner is entitled to relief and his petition for writ of habeas corpus is granted.

Petitioner is directed to cause a notice of appeal to be filed in Tulare County Superior Court action No. PCF290775 on or before 30 days from the date this opinion is filed.

Let a petition for writ of habeas corpus issue directing the Clerk of the Superior Court of Tulare County to file the notice in its action No. PCF290775, to treat it as being

3

timely filed, and to proceed with the preparation of the record on appeal in accordance with the applicable rules of the California Rules of Court if the notice of appeal is received by that court on or before 30 days from the date this opinion is filed.

This opinion is final forthwith.