Filed 7/18/14  In re Byrd CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re | F068490 |
| KENNETH A. BYRD, | (Kings County Sup. No. 13CM0784) |
| On Habeas Corpus. | **OPINION** |

**THE COURT**[*]

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Kenneth A. Byrd, in pro. per.

Kamala D. Harris, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Kathleen A. McKenna and Leanne Le Mon, Deputy Attorneys General.

-ooOoo-

**STATEMENT OF FACTS**

On December 10, 2013, appellant filed in this court a petition for writ of habeas corpus that raises issues regarding his counsel's failure to timely file a notice of appeal from his felony conviction in Kings County Superior Court case number 13CM0784. The conviction followed petitioner's entry of a guilty plea.

Petitioner asserts that his trial counsel promised to timely file a notice of appeal on his behalf but failed to follow through on that promise.  Petitioner was diligent in his

---

[*] Before Hill, P.J., Kane, J., and Franson, J.

efforts to learn whether the notice had been filed and, once he discovered it had not been filed, his efforts to learn what had to be done to seek relief from trial counsel's failure.

The Attorney General has no objection to this Court granting petitioner the limited relief sought.

## DISCUSSION

Judgment is rendered at the time it is orally pronounced. (*People v. Thomas* (1959) 52 Cal.2d 521, 529, fn. 3.) A notice of appeal must be filed within 60 days of the date of the rendition of the judgment. (Cal. Rules of Court, rule 8.308.) A criminal defendant has the burden of timely filing a notice of appeal, but the burden may be delegated to trial counsel. (*In re Fountain* (1977) 74 Cal.App.3d 715, 719.) And in an appropriate case, this court can grant a petitioner relief from trial counsel's failure to timely file a notice of appeal and/or request for certificate of probable cause as required under California Rules of Court, rules 8.304(b) and 8.308, and Penal Code section 1237.5. (*In re Benoit* (1973) 10 Cal.3d 72, 86-87, 89.)

Our high court has "long . . . recognized a 'well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules."' [Citation.] '[T]here are many cases in which this policy, implemented in accordance with "applicable rules," will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period.' [Citation.] Although adhering to the established rule that the time for filing a notice of appeal is jurisdictional, these decisions seek to alleviate the harshness of the rule's application in certain compelling circumstances by holding that an appellant's efforts should be deemed to be a *constructive* filing of the notice within the prescribed time limits. ([*Benoit, supra,*] 10 Cal.3d [at pp.] 83–84 …; see also *Hollister* [*Convalescent Hosp., Inc. v. Rico* (1975)] 15 Cal.3d [660,] 669–670 [noting that our

2

constructive-filing decisions reflect application of 'principles of construction and interpretation in a manner consistent with the policy … of granting the right of appeal in doubtful cases' while 'steadfastly adher[ing] to the fundamental precept that the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction'].)  The classic example of the application of this policy is the determination that a notice of appeal was timely filed under the prison-delivery rule."  (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113-114.)

When applicable, the doctrine of constructive filing allows an untimely filed notice of appeal to be deemed timely if the defendant relied on the promise of trial counsel to timely file the notice on defendant's behalf.  (*In re Benoit, supra*, 10 Cal.3d at pp. 86-87.)  The doctrine protects defendants who have been "lulled into a false sense of security" by trial counsel's promise.  (*Id.* at p. 87.)  In addition, appointed counsel in the trial court has a statutorily imposed duty to "execute and file" a timely notice of appeal where "arguably meritorious grounds exist for reversal or modification of the judgment." (Pen. Code, § 1240.1, subd. (b).)

In the present case, trial counsel did not timely file a notice of appeal on petitioner's behalf.  There is nothing before us to show counsel advised petitioner to file the document himself.  (*In re Chavez* (2003) 30 Cal.4th 643, 658 & fn.7.)

## DISPOSITION

Petitioner is directed to cause a notice of appeal to be filed in Kings County Superior Court action No. 13CM0784 on or before 30 days from the date of filing of this opinion.

Let a writ of habeas corpus issue directing the Clerk of the Kings County Superior Court, if he receives said notice and request on or before 30 days from the date of filing of this opinion, to file the notice as being timely filed and to proceed with the preparation

3

of the record on appeal in accordance with the applicable rules of the California Rules of Court.