Filed 1/29/15  In re Lovett CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F069808 |
| EVAN J. LOVETT, | (Merced Super. Ct. No. CRM021408) |
| On Habeas Corpus. | **O P I N I O N** |

### THE COURT*

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Evan J. Lovett, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Caely E. Fallini, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Gomes, Acting P.J., Poochigian, J., and Peña, J.

**BACKGROUND**

Petitioner seeks leave to file a belated notice of appeal from his September 10, 2013, conviction for first degree murder with special circumstances.

William A. Davis represented petitioner at trial. According to Mr. Davis' declaration, petitioner reasonably expected Mr. Davis to file a timely notice of appeal. Due to inadvertence, Mr. Davis failed to do so.

On July 31, 2014, petitioner filed the instant petition for writ of habeas corpus seeking leave to file a belated notice of appeal and claiming trial counsel was ineffective for failing to call his family as witnesses and advising petitioner not to testify. On September 29, 2014, this court issued an order granting the Attorney General leave to file a response.

On December 11, 2014, the Attorney General filed an informal response informing this court that it does not oppose petitioner's request to file a belated notice of appeal. The Attorney General, however, claimed petitioner failed to show a prima facie case for relief on the ground counsel was ineffective for failing to call his family as witnesses and advising petitioner not to testify.

A notice of appeal must be filed within 60 days of the date of the rendition of the judgment. (Pen. Code, § 1237.5; Cal. Rules of Court, rules 8.304, 8.308.) Although a criminal defendant has the burden of timely filing a notice of appeal, the burden may be delegated to trial counsel. (*In re Fountain* (1977) 74 Cal.App.3d 715, 719.) "A criminal defendant seeking relief from his default in failing to file a timely notice of appeal is entitled to such relief, absent waiver or estoppel due to delay, if he made a timely request of his trial attorney to file a notice of appeal, thereby placing the attorney under a duty to file it, instruct the defendant how to file it, or secure other counsel for him [citation]; or if the attorney made a timely promise to file a notice of appeal, thereby invoking reasonable reliance on the part of the defendant [citation]." (*People v. Sanchez* (1969) 1 Cal.3d 496, 500.)

2

## DISPOSITION

Petitioner is entitled to relief.  Petitioner is granted leave to file a notice of appeal on or before 30 days from the date of this opinion, in Merced County Superior Court case No. CRM021408.

Let a writ of habeas corpus issue directing the Merced County Superior Court, if the court receives the notice of appeal on or before 30 days from the date of this opinion, to treat the notice of appeal as being timely filed, and to process the appeal in accordance with the applicable rules of the California Rules of Court.

In regard to petitioner's contention that trial counsel was ineffective for failing to call his family as witnesses and advising petitioner not to testify, the petition is denied without prejudice.