Filed 4/17/15  In re Gonzalez CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F070120 |
| GUSTAVO PATINO GONZALEZ, | (Tulare Super Ct. No. VCF242391) |
| On Habeas Corpus. | **OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDING; petition for writ of habeas corpus.

Gustavo Patino Gonzalez, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari Ricci Mueller, Deputy Attorneys General, for Respondent.

-ooOoo-

Gustavo Patino Gonzalez (petitioner) seeks permission to file a belated appeal by way of a petition for writ of habeas corpus.  We grant petitioner's request based on his filing of a premature Notice of Appeal prior to a final judgment and defense counsel's admission that petitioner asked him to file an appeal multiple times before, during, and

---

[*]        Before Kane, A.P.J., Detjen, J., and Peña, J.

after sentencing.  Petitioner's additional habeas claims are denied without prejudice for consideration in the appeal.

## STATEMENT OF FACTS

According to documents submitted with the petition for writ of habeas corpus, petitioner was charged in 2012 in the Tulare County Superior Court with kidnapping to commit robbery (Pen. Code,[1] § 209, subd. (b)(1); count one); second-degree robbery (§ 211; count two); false imprisonment by violence (§ 236; count three); two counts of assault with a firearm (§ 245, subd. (a)(2); counts four and five); and conspiracy to commit robbery (§ 182, subd. (a)(2); count six).  The prosecutor alleged petitioner had a prior "strike" conviction (§ 1170.12, subds. (a)-(d)) and a prior serious felony (§ 667, subd. (a)(1)).

In April 2012, a jury found petitioner guilty of robbery in count two and conspiracy in count six, but was unable to reach a verdict on the remaining counts.  It appears petitioner later pled guilty in June 2012 to one of the counts for assault with a firearm in exchange for a 15-year maximum sentence for all three offenses and the dismissal of the remaining counts.  At some point thereafter, but prior to sentencing, petitioner's trial counsel filed a motion to withdraw the plea based on information that petitioner's codefendant had told others that petitioner was not involved in the crimes.

On September 20, 2012, petitioner's trial counsel filed a notice of appeal along with a request for certificate of probable cause explaining that had petitioner been aware of the information regarding his codefendant's statements, he would not have entered into the plea agreement.  The trial court denied the request for certificate of probable cause, noting that it was "not needed to appeal conviction" and that a "motion to W/D plea is pending."

---

**1**     Further statutory references are to the Penal Code unless otherwise stated.

The superior court forwarded the notice of appeal and denied request for certificate of probable cause to this court on October 4, 2012. (Case No. F065842.) On October 19, 2012, this court advised petitioner that the court was considering dismissing the appeal "as both prematurely filed and lacking a certificate of probable cause." Petitioner was granted 30 days to respond with a letter brief addressing both the timeliness of the appeal prior to a final judgment of conviction and this court's ability to review the plea conviction without a certificate of probable cause.

After not receiving a response, this court dismissed the appeal without prejudice on November 30, 2012. The dismissal order was returned as undeliverable, and resent on December 11, 2012. Remittitur in the appeal issued on January 30, 2013.

On February 25, 2014, petitioner wrote this court inquiring about the status of his case. The court responded that the appeal appeared to have been prematurely filed prior to sentencing and lacked a certificate of probable cause, and was dismissed as abandoned after petitioner never responded to this court's October 19, 2012, order. This court twice responded to petitioner's additional inquiries in May 2014 and referred him to the Central California Appellate Project. In July 2014, petitioner wrote to the court explaining that he was preparing to file a request to file a belated appeal.

Petitioner filed the present petition for writ of habeas corpus on September 23, 2014. Petitioner asks this court for permission to file a belated notice of appeal under the constructive filing doctrine (*In re Benoit* (1973) 10 Cal.3d 72) and also presents six substantive contentions, four of which involve allegations of ineffective assistance of defense counsel, one of prosecutorial misconduct, and one challenging the admission of evidence at trial.

On December 2, 2014, this court issued an order taking judicial notice of its own records in the dismissed appeal and directed the Attorney General to file an informal response. The order advised that the prior appeal was dismissed "[b]ased on the apparent

3

lack of a *final* judgment of conviction and petitioner's failure to respond to this court's October 19, 2012, inquiry." The order further explained that, "[t]his court has only recently received notice outside the record that the superior court purportedly sentenced petitioner on all counts on October 30, 2012." Later on December 2, 2014, after the order issued, the trial court forwarded to this court a copy of a November 8, 2012, abstract of judgment confirming that petitioner had indeed been sentenced on October 30, 2012 – before petitioner filed his appeal and before this court dismissed the matter on November 30, 2012.

## DISCUSSION

A notice of appeal must be filed within 60 days after the judgment or order being appealed to confer appellate jurisdiction on this court. (Cal. Rules of Court, rule 8.308(a).) An appealable judgment in a criminal case is generally rendered at the time of sentencing. (§ 1237, subd. (a).) Based on petitioner's October 30, 2012, sentencing, the notice of appeal filed in the trial court on September 20, 2012, was premature. While the California Rules of Court authorize an appellate court to deem a premature appeal as timely filed, neither petitioner, his counsel, nor the trial court advised this court of petitioner's sentencing date until long after the appeal had been dismissed.

A criminal defendant has the burden of timely filing a notice of appeal, but that burden may be delegated to counsel. (*In re Fountain* (1977) 74 Cal.App.3d 715, 719.) Moreover, appointed defense counsel has a statutorily imposed duty to "execute and file" a timely notice of appeal where "arguably meritorious grounds exist for a reversal or modification of the judgment." (§ 1240.1, subd. (b).)

When applicable, the doctrine of constructive filing allows an untimely filed notice of appeal to be deemed timely if the defendant relied upon the promise of trial counsel to timely file the notice on defendant's behalf. (*In re Benoit*, *supra*, 10 Cal.3d at pp. 86-87, 89.) The doctrine protects defendants who have been "lulled into a false sense

4

of security" by counsel's promise. (*Id.* at p. 87.) Reasonable doubts as to the veracity of a petitioner's allegations in these matters are to be resolved in favor of the petitioner to protect the right of appeal rather than forfeit it on technical grounds. (Cf. *People v. Rodriguez* (1971) 4 Cal.3d 73, 79; see also *In re Benoit, supra,* 10 Cal.3d at p. 89.)

In petitioning this court, petitioner declares under penalty of perjury that he asked his trial attorney during his sentencing hearing on October 30, 2012, to file a notice of appeal, and counsel responded that he had already filed a notice of appeal and that his appeal was therefore pending before this court. Petitioner also declares he did not realize his attorney had filed his appeal prematurely, until reviewing documents received from the superior court on April 3, 2014. Petitioner states he was unaware of what he needed to do to perfect his appeal and claims he never received notices regarding the status of his appeal despite repeatedly writing his counsel after sentencing.

Petitioner includes with his petition a declaration from his defense counsel, signed under penalty of perjury, confirming that petitioner asked counsel to file an appeal on petitioner's behalf before, during, and after sentencing. Counsel explains that he believed he had complied with the California Rules of Court and admits that "[a]ny defect in the filing of the notice of appeal was my error and should not be seen as a failure by Mr. Gonzalez to timely request that an appeal be filed."

Petitioner also includes with his petition copies of letters from the superior court, Supreme Court, State Bar, and private counsel indicating petitioner made numerous unsuccessful attempts throughout 2013 to obtain copies of his trial court records and to pursue appellate review.

In its informal response, the Attorney General agrees with petitioner that, based on a review of the documents provided in support of the petition, petitioner should be entitled to relief to perfect his appeal. Responding to this court's inquiry regarding the status of the prematurely denied certificate of probable cause, the Attorney General

further agrees petitioner should be allowed to request another certificate from the superior court. No certificate is required, however, to appeal that portion of petitioner's conviction found by the jury. (Cal. Rules of Court, rule 8.304(b).)

Based on petitioner's attempt to file an appeal prior to a final judgment of conviction, the copies of letters demonstrating petitioner's attempt to perfect his appeal over the past several years, and declarations from both petitioner and counsel demonstrating petitioner timely requested, and relied upon, counsel to file an appeal, we grant petitioner's request. Petitioner may present his substantive issues on appeal.

## **DISPOSITION**

Petitioner is granted leave to file a notice of appeal and request for certificate of probable cause on or before 30 days from the filing date of this opinion in the Tulare County Superior Court, case No. VCF242391.

Let a writ of habeas corpus issue directing the Clerk of the Tulare County Superior Court to file and treat as timely petitioner's notice of appeal and request for certificate of probable cause if received within 30 days from the date of the filing of this opinion, to cause the request for certificate of probable cause to be presented to the court for determination, and to proceed in processing the appeal in accordance with the applicable California Rules of Court.

The substantive issues regarding the effectiveness of trial counsel, prosecutorial misconduct, and the admission of evidence are denied without prejudice and may be presented on appeal.

A copy of this opinion shall be forwarded to the Tulare County Superior Court and petitioner's trial counsel in case No. VCF242391.

6