Filed 8/26/16  In re Robledo CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F073413 |
| ADAM ROBLEDO, | (Kings Super Ct. No. 14CM7222HTA) |
| On Habeas Corpus. | **OPINION** |

## THE COURT*

ORIGINAL PROCEEDING; petition for writ of habeas corpus.

Adam Robledo, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Respondent.

-ooOoo-

Adam Robledo (petitioner) seeks permission to file a belated notice of appeal by way of a petition for writ of habeas corpus.  Petitioner alleges he asked trial counsel to file a notice of appeal and counsel's failure to do so constituted ineffective assistance of counsel.

We will grant petitioner's request for a belated appeal.

---

\*      Before Hill, P.J., Detjen, J., and Franson, J.

## STATEMENT OF THE FACTS

On September 9, 2015, petitioner was sentenced to 25 years to life for battery on a correctional officer and resisting an officer by force.

Petitioner claims he requested counsel to file a notice of appeal, he relied on counsel to timely do so, and counsel did not do so.

Petitioner alleges he asked his federal public defender, David Wasserman (who was helping him in another case), to ask his trial counsel to file the notice of appeal and contact the Central California Appellate Program (CCAP).

Petitioner submits a declaration from Wasserman, which states that while he was representing petitioner in a habeas corpus proceeding, petitioner was charged with battery on a correctional officer, attempted aggravated battery, and resisting or deterring a correctional officer by force. After petitioner was convicted and sentenced on the charges, petitioner sent Wasserman a letter explaining his sentence and noted, "'whatever you can do about this case[,] please do[.] I do not want to die in prison.'" Petitioner sent another letter to Wasserman asking, "'did you ever get in contact with Judge Donna Tarter/[trial counsel] about their findings? If so, when?'" Petitioner sent Wasserman another letter stating, "[o]ne lock up order has went amiss. Also send a copy of the lock up order to [trial counsel.] He is assigned my appeal's advicat <sic>. He didn't do much of anything to defend me[.] If he would have I wouldn't have any need to appeal the case."[1]

On November 9, 2015, Wasserman contacted trial counsel, who informed him that he had filed a notice of appeal. Wasserman sent petitioner a letter stating that trial counsel had filed a notice of appeal and it would be assigned to a CCAP attorney.

---

[1] Petitioner submitted the three letters that he sent to Wasserman, showing petitioner exhibited diligence in communicating with Wasserman about investigating whether his appeal was filed. It is unclear why petitioner failed to directly communicate with trial counsel.

2

Wasserman then sent petitioner a letter indicating that CCAP had not received any paperwork on petitioner's appeal.

On December 3, 2015, trial counsel emailed Wasserman and indicated he had *not* filed a notice of appeal in petitioner's case because petitioner had told him he did not want to file a notice of appeal and "'accepted the disposition.'" Wasserman emailed trial counsel stating that petitioner wanted a notice of appeal filed, and requested that trial counsel either file a notice of appeal or let Wasserman know if he was not willing to file a notice of appeal and to produce a written waiver of appeal from petitioner. Trial counsel did not provide a waiver of appeal but agreed to file a notice of appeal on petitioner's behalf.

On December 9, 2015, trial counsel attempted to file a notice of appeal but it was returned by the clerk marked "Received, but not Filed" because it was untimely.

On April 13, 2016, this court sent petitioner's trial counsel a letter which explained that petitioner made claims regarding counsel's failure to file a notice of appeal, and counsel chose not to respond.

On May 27, 2016, this court requested the Attorney General (AG) to respond to the petition.

On June 14, 2016, the AG responded that petitioner had stated a prima facie case for relief under the constructive filing doctrine.

## DISCUSSION

A notice of appeal must be filed within 60 days after the judgment or order being appealed to confer appellate jurisdiction on this court. (Cal. Rules of Court, rule 8.308(a).) An appealable judgment in a criminal case is generally rendered at the time of sentencing. (Pen. Code, § 1237, subd. (a).) Based on petitioner's September 9, 2015, sentencing, November 9, 2015, was the deadline to file a timely notice of appeal.

"It shall be the duty of every attorney representing an indigent defendant in any criminal, juvenile court, or civil commitment case to execute and file on his or her

3

client's behalf a timely notice of appeal when the attorney is of the opinion that arguably meritorious grounds exist for a reversal or modification of the judgment or orders to be appealed from, and where, in the attorney's judgment, it is in the defendant's interest to pursue any relief that may be available to him or her on appeal; *or when directed to do so by a defendant having a right to appeal.*" (Pen. Code, § 1240.1, subd. (b), emphasis added.)

The doctrine of constructive filing is a "basis for judicial acceptance of an excuse for the appellant's delay [in filing a notice of appeal] in order to do justice." (*In re Benoit* (1973) 10 Cal.3d 72, 84.) The doctrine of constructive filing allows an untimely filed notice of appeal to be deemed timely when a defendant relied upon the promise of trial counsel to timely file the notice on the defendant's behalf and counsel fails to do so. (*Id.* at pp. 86-87, 89.) The doctrine protects a defendant who has been "lulled into a false sense of security in believing that an attorney—especially his [or her] trial attorney—will carry out his [or her] undertaken task." (*Id.* at p. 87.)

On the other hand, a defendant whose counsel has undertaken to file the notice of appeal, will not be indiscriminately permitted to "invoke the doctrine of constructive filing *when the defendant has displayed no diligence in seeing that his attorney has discharged this responsibility.*" (*In re Benoit*, *supra*, 10 Cal.3d at p. 89, emphasis added.)

Petitioner claims he asked his trial counsel to file a notice of appeal, and although petitioner does not explicitly state that trial counsel told petitioner he would do so, it can be inferred that he agreed to do so based on trial counsel's statement to Wasserman that a notice of appeal had been filed. Later, trial counsel went back on his statement and told Wasserman he did not file a notice of appeal because petitioner did not want to file a notice of appeal, and would not provide Wasserman with a waiver of appeal from petitioner. In the end, trial counsel attempted to file a notice of appeal one month too late. Although petitioner should have contacted trial counsel directly or provided proof

4

of doing so, petitioner was diligent in his efforts, through Wasserman, to inquire as to the status of the notice of appeal and ensure it had been filed.

For these reasons, we grant petitioner's request to file a belated appeal.

## DISPOSITION

Petitioner is granted leave to file a notice of appeal on or before 30 days from the date of this opinion, in Kings County Superior Court case No. 14CM7222HTA.

Let a writ of habeas corpus issue directing the Clerk of the Kings County Superior Court, if the court receives the notice of appeal on or before 30 days from the date of this opinion, to treat the notice of appeal as being timely filed, and to process the appeal in accordance with the applicable rules of the California Rules of Court.

This opinion is final forthwith as to this court.