Filed 10/21/20  P. v. Woodson CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B299633 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA419591) |
| v. | |
| THOMAS WOODSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Ronald S. Coen, Judge.  Affirmed.

Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Thomas Woodson (defendant) appeals from the order denying his petition filed pursuant to Penal Code section 1170.95.[1] Defendant contends that the trial court erred in looking beyond the allegations of the petition to determine that he did not come within the provisions of the statute. Defendant also contends the trial court was required to appoint counsel and permit briefing prior to summarily denying the petition. Finding no merit to defendant's contentions, we affirm the order.

## BACKGROUND

### Defendant's 2016 conviction

Defendant was charged along with codefendants, Ernest Lamont Williams (Williams) and Anthony Boochie (Boochie), with murder and conspiracy to commit murder, with special allegations of lying in wait and a motive of financial gain. There was also allegations that a principal personally used and intentionally discharged a firearm and that the crime was committed for the benefit of a criminal street gang. (*People v. Williams et al.* (Oct. 24, 2018, B281118) [nonpub. opn.] (*Williams I*).)[2]

The murder occurred in 1998, and the three codefendants were arrested in 2013. (*Williams I*, *supra*, B281118, at pp. 4-6.)

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] As the trial court reviewed the superior court file and the appellate opinion issued upon defendant's appeal, we take judicial notice of both the opinion and the appellate record of the trial. (See Evid. Code, §§ 452, subd. (d), 459.)

Defendant gave police interviews in October and December 2013. (*Id*. at pp. 15-17, 17-18.) Defendant identified Boochie as the person who drove the threesome in a van to the scene of the shooting. Defendant claimed that when they arrived at the crime scene, he fell asleep in the back of the van, and did not awake or see the gun until hours later, when the shooter got back into the van.[3] Defendant claimed he thought they were going to commit a robbery, and that he had never done anything like that before. (*Id*. at pp. 16-17) In his second interview, defendant admitted having previously committed robberies with Williams and that he was usually the lookout. (*Id*. at p. 17.)

Defendant was tried by a separate jury simultaneously with his codefendants. Defendant was convicted of second degree murder and acquitted of conspiracy. The gang and firearm allegations were found true, but the lying-in-wait and financial gain special circumstances were found untrue. (*Williams I, supra*, B281118, at pp. 2-3.) Boochie and Williams were convicted of first degree murder, conspiracy to commit murder, and the special circumstances of lying in wait and murder for financial gain. (*Id*. at p. 3.)

Woodson was sentenced to 15 years to life in prison, plus a consecutive term of 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1). The remaining firearm enhancements and a 10-year gang enhancement were imposed and stayed. (*Williams I, supra*, B281118 at p. 4.) On appeal, we ordered the 10-year gang enhancement stricken, and remanded to the trial court for it to exercise discretion whether to strike or dismiss the

---

[3] There was conflicting evidence suggesting that defendant pretended to be asleep. (See *Williams I, supra*, B281118, at pp. 19-22.)

firearm enhancement.  On remand, the court chose not to do so. (*Id*. at pp. 57-58.)

**The current appeal**

In April 2019, defendant filed a petition pursuant to section 1170.95, alleging that he had been convicted of first or second degree murder pursuant to the natural and probable consequences doctrine, and could not now be convicted of murder because of changes to the law enacted by Senate Bill No. 1437 (S.B. 1437).  The petition included a request that counsel be appointed to represent him.  On April 29, 2019, the trial court summarily denied the petition after finding that defendant was not eligible for relief as a matter of law.

Defendant's notice of appeal of that order was received by the superior court on July 11, 2019, and was thus filed beyond the time allowed by California Rules of Court, rule 8.308(d).  The notice confirms that the appeal is taken from the denial of the petition for relief under S.B. 1437, by order dated May 21, 2019.  However, the order denying relief under S.B. 1437 was entered on April 29, 2019.  On May 21, 2019, the trial court entered an order denying defendant's request to strike or dismiss the firearm enhancement imposed under section 12022.53.

We issued an order to show cause why the appeal should not be dismissed.  Defendant's appellate counsel submitted his declaration attesting to his knowledge that defendant was unlearned in the law.  Defendant submitted his declaration that he is currently incarcerated, that his appointed counsel in the trial court, a deputy Alternate Public Defender, prepared and filed the section 1170.95 petition, that when the petition was summarily denied, defendant asked her to file a notice of appeal, and relied on her to do so.  The People filed no response.

4

Neither defendant nor his attorney were in court on April 29, but the court's minutes reflect that counsel appeared in court with defendant on the next day, April 30, 2019. On that date, counsel received a copy of the minute order summarily denying the section 1170.95 petition the day before. Our review of the reporter's transcript of April 30 shows that the trial court did not inform defendant of his right to appeal the denial of his petition or of the time within which he was required to file a notice of appeal. We conclude that given defendant's reliance on counsel, and the trial court's failure to inform defendant of his right to appeal, the notice of appeal should be deemed constructively filed within the time allowed. (See *In re Benoit* (1973) 10 Cal.3d 72, 86-88.)

**S.B. 1437**

In 2018, the Legislature passed S.B. 1437, which amended sections 188 and 189, effective January 1, 2019. As amended, section 188 limits a finding of malice as follows: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Subdivision (e) of section 189 now reads: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted

5

the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Section 1170.95 was added by S.B. 1437 to provide a procedure by which those convicted of murder can seek retroactive relief if affected by the changes in sections 188 or 189.  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722.)  A petition under section 1170.95 must allege the following allegations:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

(§ 1170.95, subd. (a)(1)-(3).)[4]

---

[4]     All further references to stand-alone statutory subdivisions are meant to refer the subdivisions of section 1170.95, unless otherwise indicated.

In addition, the petition must include the petitioner's declaration showing eligibility for relief under this section, the superior court case number and year of conviction, and any requests for the appointment of counsel. (§ 1170.95, subd. (b)(1).)[5]

**Defendant's section 1170.95 petition**

In April 2019, defendant filed a preprinted section 1170.95 petition prepared by counsel, with checked boxes alleging that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine. The petition also alleged that defendant had been convicted of first or second degree murder pursuant to the felony murder rule or under the natural and probable consequences doctrine, and that he could not now be convicted of murder because of changes made to sections 188 and 189. The petition included a request that counsel be appointed to represent him.

The court summarily denied the petition and explained its order in relevant part as follows:

> "Per the court file and Court of Appeal opinion, petitioner aided and abetted others in a murder. Although aiding and abetting instructions were given, natural and probable doctrine instructions were not given. In addition, felony murder instructions were not given. The only mental state instruction given was malice aforethought. As such, petitioner is not entitled to relief under Penal Code section 1170.95."

---

[5] The petition was signed by a deputy alternate public defender, and no declaration by defendant was attached to the petition.

7

## DISCUSSION

Defendant contends that court's order denying defendant's petition must be reversed because the trial court failed to comply with the statutory requirements of appointing counsel for defendant and ordering briefing by the parties. Defendant argues that because his form petition stated all three required allegations under 1170.95, subdivision (b)(1)(A) through (b)(1)(C), the court was required to find that his petition made a prima facie showing of entitlement to relief, and to follow the procedures in subdivision (c).

Upon receipt of a section 1170.95 petition and before following the procedures in subdivision (c), the trial court makes an initial determination of the facial sufficiency of the petition, and that initial review is governed by subdivision (b)(2). Subdivision (b)(2) provides as follows:

> "If any of the information required by this subdivision is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information."

Section 1170.95, subdivision (c) states:

> "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is

8

served.  These deadlines shall be extended for good
cause.  If the petitioner makes a prima facie showing
that he or she is entitled to relief, the court shall
issue an order to show cause."

Respondent notes that recently published cases have
expressed the view that subdivision (c) calls for an initial review
and two-step prima facie analysis.  (See *People v. Verdugo* (2020)
44 Cal.App.5th 320, 328-330, review granted Mar. 18, 2020,
S260493 (*Verdugo*); *People v. Lewis* (2020) 43 Cal.App.5th 1128,
1137-1138 (*Lewis*), review granted Mar. 18, 2020, S260598;
*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58 (*Cornelius*),
review granted Mar. 18, 2020, B260410.)  In the initial review,
the trial court is permitted to review readily ascertainable
information in the court file's record of conviction, such as the
"complaint, information or indictment filed against the petitioner;
the verdict form or factual basis documentation for a negotiated
plea; and the abstract of judgment."  (*Verdugo*, *supra*, at pp. 328-
330.)  The record of conviction also includes jury instructions and
any appellate opinion in the case.  (*Lewis*, *supra*, at pp. 1138-
1139.)

The first-step prima facie review of subdivision (c) requires
a determination of the petitioner's "*statutory eligibility* for
resentencing, a concept that is a well-established part of the
resentencing process under Propositions 36 and 47.  [Citations.]"
(*Verdugo*, *supra*, 44 Cal.App.5th at p. 329, italics added.)  The
trial court examines the information in the record of conviction,
and if those documents do not contradict the otherwise sufficient
allegations of the petition, the first prima facie showing has been
made and the trial court may not summarily deny the petition.
(*Id.* at pp. 329-331; see *Cornelius*, *supra*, 44 Cal.App.5th at p. 58;

9

*Lewis*, *supra*, 43 Cal.App.5th at p. 1137.)  However, if the record of conviction shows that the petitioner was not actually convicted of first or second degree murder or was convicted as a direct aider and abettor of the murder, the court can dismiss the petition. (*Verdugo*, *supra*, at pp. 330; *Lewis*, *supra*, at pp. 1135, 1137-1139.)  Thus, under the two-step procedure, it is only when the initial prima facie showing has been made that the court is obligated to appoint counsel for the defendant and the prosecutor is required to file and serve a response.  (*Verdugo*, *supra*, at p. 332.)  Then, the trial court determines whether the defendant has made a prima facie showing of *entitlement* to relief, and if so, the court issues an order to show cause.  (*Ibid*.)

In his reply, defendant contends that the two-step construction of subdivision (c) is erroneous, and points out that the California Supreme Court has granted review in *Verdugo* and other decisions applying that procedure.  Defendant submits that the correct view is expressed in Justice Lavin's dissent in *People v. Tarkington* (2020) 49 Cal.App.5th 892, review granted Aug. 12, 2020, S263219, where it was concluded that the statute "establishes a four-step resentencing process:  the petition, the prima facie review, an evidentiary hearing, and the resentencing."  (*Id*. at p. 915 (dis. opn. of Lavin, J.); accord, *People v. Cooper* (2020) 54 Cal.App.5th 106, 119-121.)  He explained that "Senate Bill 1437's textual history clarifies that the Legislature contemplated a petitioner would be represented by counsel upon filing a sufficient petition, and counsel would help the court determine whether to hold a resentencing hearing.  [Citation.]" (*Id*. at p. 918 (dis. opn. of Lavin, J.).)  Successive drafts and revisions of the legislation were reviewed to demonstrate that the statute is intended to require the prosecutor, not the court, to

10

assemble any relevant parts of the record of conviction and to respond automatically within 60 days of service of the petition; and he posited that the statute's final revision was made "to ensure every petitioner who wanted a lawyer would have one -- not to impose a barrier where none had existed." (*Id*. at pp. 919-920 (dis. opn. of Lavin, J.).)

We need not resolve the parties' disagreement, as the records reviewed by the trial court show that defendant is ineligible for relief as a matter of law. We thus agree with respondent that even if the court followed the wrong procedure, the error was harmless.

Section 1170.95, subdivision (a) provides that those persons who may file a petition for resentencing are those who have been "convicted of felony murder or murder under a natural and probable consequences theory . . . ." The trial court looked to the appellate opinion in *Williams I*, as well as the jury instructions given in the trial. We too have reviewed the jury instructions. As the trial court determined, CALJIC No. 8.21, the usual instruction regarding felony murder, was not given to the jury, nor was the jury given any other instruction regarding felony murder. In addition, the jury was not given CALJIC No. 3.02 (regarding the natural and probable consequences doctrine) nor any other instruction regarding the natural and probable consequences doctrine. The jury was instructed with CALJIC Nos. 3.01, 8.11, and 8.20, which explain the aiding and abetting theory of liability, as well as express malice, implied malice, and second degree murder.[6]

_____

[6] On appeal from the judgment we found substantial evidence to support a finding defendant shared his accomplices' intent to kill. (*Williams I, supra*, B281118, at pp. 19-24.)

11

Defendant was thus not convicted under either the felony murder rule or the natural and probable consequences doctrine, making him ineligible for resentencing under section 1170.95. (§ 1170.95, subd. (a).) Section 1170.95 applies only to those convicted of felony murder or murder under a natural and probable consequences doctrine. (*People v. Flores* (2020) 44 Cal.App.5th 985, 997; see *People v. Soto* (2020) 51 Cal.App.5th 1043, 1059, review granted Sept. 23, 2020, S263939.) Therefore we would find any error in the summary denial of the petition to be harmless under any standard.

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

12